DAVENPORT v CITY OF GROSSE POINTE FARMS BOARD OF
ZONING APPEALS

Docket Nos. 161938, 161939. Submitted October 6, 1994, at Detroit.
Decided April 28, 1995, at 10:00 A.M.

Richard and Donna Davenport sought a zoning variance relative
to the front setback requirement applicable to their house in
the City of Grosse Pointe Farms so that they could greatly
enlarge the house. The City of Gross Pointe Farms Board of
Zoning Appeals denied the variance. The plaintiffs appealed to
the Wayne Circuit Court. The parties stipulated a conditional
dismissal of the appeal for the purpose of pursuing settlement
negotiations. When an amended site plan resulted in another
denial of a variance by the board, the plaintiffs reinstated their
appeal in the circuit court. The court, Susan D. Borman, J.,
reversed the order of the board and granted the requested
variance, finding little or no support for the board's position
that the requested variance was not in harmony with the
intent of the zoning ordinance. The board moved for reconsider-
ation, and Bazil Johnson and other neighbors moved to inter-
vene. The court denied both motions. The board and the neigh-
bors appealed separately, and the plaintiffs cross appealed from
an order of the circuit court denying their motion for costs
under MCR 7.101(P). The appeals were consolidated.

The Court of Appeals held:

1. The twenty-one-day period of MCR 7.101(B)(1) within
which an appeal must be filed to be timely runs from the date
the order being appealed is entered. Formal entry of the zoning
board's order occurred on the date of the certification of the
minutes of the meeting at which the decision was made. Be-
cause the plaintiffs' appeal to the circuit court was filed within
twenty-one days of the date of the certification of the minutes,
the appeal was timely.

2. The board's argument that the circuit court erred in
treating the matter after the stipulated conditional dismissal as
a reinstated appeal need not be considered because the board

REFERENCES
Am Jur 2d, Administrative Law §§ 569, 571, 614-616.
See ALR Index under Administrative Law.

failed to provide any citation of authority supporting its position.

3. A court reviewing a decision of an administrative body must give due deference to the agency's regulatory expertise. The zoning ordinance requires that a variance be in harmony with the intent and purpose of the zoning ordinance. While the evidence in support of the board's determination that the requested variance was not in harmony with the intent of the ordinance was weak, the board's determination was not without any evidentiary support. The circuit court erred in failing to afford sufficient weight to the expertise of the board and in setting aside the board's determination that the variance was not in harmony with the intent of the ordinance.

4. The circuit court did not err in denying the neighbors' motion to intervene. Because the motion was not timely, no right of intervention existed, and the circuit court did not abuse its discretion by refusing to permit intervention.

5. The circuit court did not abuse its discretion in refusing to award the plaintiffs costs based on their claim that the neighbors' attempt to intervene was vexatious or frivolous.

Reversed with respect to the order granting the variance; affirmed with respect to the orders concerning intervention and costs.

1. ADMINISTRATIVE LAW — APPEAL — MUNICIPAL BOARDS — ENTRY OF ORDERS.

The period in which an appeal must be filed runs from the date of entry of the order being appealed; formal entry of an order by a municipal board occurs on the date of certification of the minutes of the meeting at which the decision was made, and the appeal period commences to run on that date (MCR 7.101[B][1]).

2. ADMINISTRATIVE LAW — APPEAL — SCOPE OF REVIEW.

Administrative decisions are to be affirmed on appeal unless they are contrary to law or unsupported by competent, material, and substantial evidence; a reviewing court must give due deference to the agency's regulatory expertise and may not invade the province of exclusive administrative fact finding by displacing the agency's choice between two reasonably differing views.

*Abbott, Nicholson, Quilter, Esshaki & Youngblood, P.C.* (by *W. D. Gilbride, Jr.*), for the plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Free-*

man (by *William G. Burgess*), for Grosse Pointe
Farms Board of Zoning Appeals.

*Miller, Canfield, Paddock & Stone* (by *William B.
Beach*). for the intervenors.

Before: MICHAEL J. KELLY, P.J., and W. P. CY-
NAR* and P. D. SCHAEFER,** JJ.

PER CURIAM. In Docket No. 161938, defendant
appeals as of right an order of the circuit court
reversing its decision to deny plaintiffs' request for
a variance. We reverse this order. In Docket No.
161939, nine of plaintiffs' neighbors appeal as of
right an order of the circuit court denying their
motion to intervene in the case, and plaintiffs
appeal an order denying their motion for costs
under MCR 7.101(P). We affirm both of these
orders.

Plaintiffs sought to enlarge their house in the
city of Grosse Pointe Farms. Although the house
was built in 1861, the surrounding neighborhood
consists of homes built after World War II. In
November 1991, plaintiffs applied for a zoning
variance to expand their house from 1300 square
feet to 2850 square feet. Plaintiffs desired the
expansion to meet the special needs of their
daughter, a victim of cerebral palsy. A variance
was necessary because plaintiffs' house violated
the twenty-five-foot front setback requirement and,
therefore, constituted a nonconforming structure.
The house also deviated slightly from the six-foot
side setback requirement; however, this was
deemed a "de minimus" deviation, requiring no
variance.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs' proposal consisted of a substantial upward and outward expansion of the rear of the house and included not only a larger downstairs bathroom and bedroom for their daughter but also a family room and an expanded second story with a master bedroom and a storage room with dormers over the garage. Plaintiffs' plan did not call for any further deviation from the setback requirements. Nor did it violate any other zoning requirements. Defendant conceded that strict application of the zoning ordinance would result in practical difficulty for plaintiffs because of their daughter's needs.[1]

In December 1991, defendant held a public hearing on plaintiffs' request for a variance. At the hearing, defendant suggested that plaintiffs rework their plans to make them more amenable to their neighbors.

Plaintiffs subsequently revised their plans by lowering the roof and reducing the area of the addition slightly. On January 27, 1992, defendant held a second public hearing. At the hearing, the following evidence was presented: a letter from a real estate broker stating that the proposed alterations would have, if anything, only a positive effect on property values; a letter from the president of the Grosse Pointe Historical Society endorsing plaintiffs' planned renovations; letters from ten neighbors in support of plaintiffs' enlargement; and letters from ten other neighbors in opposition to the enlargement. Five of the neighbors in opposition reiterated their opinions in person at the

---

[1] Defendant's concession that a "practical difficulty" exists under plaintiffs' circumstances is limited solely to these proceedings. Usually, the concept of "practical difficulty" in zoning law relates to problems inherent in the property itself, not to the personal conditions of its occupants. See Crawford, Michigan Zoning and Planning (3d ed), § 6.03, pp 164-165.

hearing. At the conclusion of the hearing, defendant denied the variance.

On February 26, 1992, plaintiffs appealed defendant's decision to the circuit court. In June 1992, the parties stipulated a "Conditional Dismissal Without Prejudice With Right Of Reinstatement" so that the parties could conduct settlement negotiations. In October 1992, plaintiffs submitted revised plans, moving the location of the garage forward to accommodate one of their neighbors. However, at a subsequent hearing that same month, several other neighbors indicated that this modification made the proposed expansion even more offensive to them. Again, defendant denied the variance.

In November 1992, plaintiffs reinstated their appeal. The circuit court reversed defendant's decision and granted the variance. Defendant filed a motion for reconsideration, and nine of plaintiffs' neighbors filed a motion to intervene. Both motions were denied in February 1993. Defendant and plaintiffs' neighbors subsequently filed separate claims of appeals, which were consolidated in May 1993.

In Docket No. 161938, defendant first challenges the circuit court's subject-matter jurisdiction. It argues that an appeal of right to the circuit court was not available to plaintiffs because they filed their claim of appeal on February 26, 1992, more than twenty-one days after defendant denied their request for a variance at its January 27, 1992, meeting. See MCR 7.101(B)(1). But defendant did not certify the minutes of its January 27, 1992, meeting until February 25, 1992. The Supreme Court has held that the time period for filing a claim of appeal begins to run on the date of actual entry of an order, *General Electric Credit Corp v Northcoast Marine, Inc,* 402 Mich 297, 300; 262

NW2d 660 (1978), and MCR 2.602(A) provides that the "date of signing of an order or judgment is the date of entry." This Court has held that an order or judgment does not become effective until reduced to written form. *Stackhouse v Stackhouse,* 193 Mich App 437, 439-440; 484 NW2d 723 (1992). These cases evidence an emphasis on the date of formal entry of the order or judgment appealed from. Although the issue has not yet been addressed in the context of zoning appeals, we believe that the date of certification of the minutes from the January 27, 1992, meeting most appropriately serves as the date of entry of the order or judgment appealed from for purposes of MCR 7.101(B)(1) and MCR 2.602(A). Accordingly, the filing date of plaintiffs' claim of appeal fell within the twenty-one-day filing period prescribed in MCR 7.101(B)(1) and the appeal was timely.

Defendant also argues that the circuit court erred in considering the October 1992, hearing as part of the reinstated appeal from the earlier decision of January 27, 1992. However, defendant cites no authority in support of its position. An appellate court will not search for authority to sustain or reject a party's position. *Patterson v Allegan Co Sheriff,* 199 Mich App 638, 640; 502 NW2d 368 (1993). Accordingly, we decline to exclude consideration of the later hearing.

Defendant next argues that the circuit court erred in concluding that defendant's decision was not based on competent, material, and substantial evidence, as required under MCL 125.585(11); MSA 5.2935(11). We agree. In applying the standard of review under MCL 125.585(11); MSA 5.2935(11), a reviewing court "must give due deference to the agency's regulatory expertise and may not 'invade the province of exclusive administrative fact finding by displacing an agency's choice between two

reasonably differing views.' " *Gordon v Bloomfield Hills,* 207 Mich App 231, 232; 523 NW2d 806 (1994), quoting *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974).

The Grosse Pointe Farms Zoning Ordinance, art XVII, § 1702 provides for the issuance of a variance upon the following conditions:

> 1. The variance is in harmony with and serves the intent and purpose of this Ordinance after considering:
> A. The extent of the variance in relation to the requirement;
> B. The effect, if the variance is allowed, of the increased population density produced on available governmental facilities and on the character of the district;
> C. Whether a proposed building is in harmony with the predominant type of building in the district in size, character, location and intended use.
> 2. The variance will result in substantial justice being done, considering the public benefits intended to be secured by this Ordinance, the hardships or difficulties suffered if a variance is not granted, and whether the hardships can be obviated by some method other than a variance.
> 3. The variance will not substantially interfere with or injure the rights of persons whose property is affected by the proposed variance.

At issue is defendant's finding that the variance would interfere with the rights of plaintiffs' neighbors and that its size would not be harmonious with the intent or purpose of the ordinance. Although defendant found that plaintiffs had demonstrated hardship, it also found that their hardship could have been alleviated by a smaller addition.

The circuit court found little or no support for

defendant's position. Specifically, it found a lack of evidence regarding (1) plaintiffs' lot size compared with other lots in the neighborhood, (2) the lot coverage ratios among homes in the area, (3) the height of homes in the area, or (4) the square footage of homes in the area. The circuit court also noted that the only evidence regarding whether plaintiffs' plans were in harmony with surrounding buildings—namely, the evaluation of the historical society—was favorable to plaintiffs. We believe the circuit court afforded insufficient weight to the expertise of the zoning board in assessing harmony.

Our decision in this case is guided by the recent opinion in *Gordon, supra,* which also concerned a zoning decision predicated on "harmony" principles. In *Gordon,* this Court noted that "harmony" means more than mere technical compliance with zoning requirements. 207 Mich App 233. That principle is even more applicable where, as here, the existing structure already varies from those minimum requirements. The *Gordon* Court reversed a circuit court's determination that a proposed split of a residential lot would not create disharmony in the neighborhood. In doing so, the Court gave due weight to the planning commission's finding to the contrary and deemed the circuit court's ruling a substitution of its own judgment for that of the planning commission. *Id.*

While we agree with the circuit court that the evidence in support of defendant's decision was weak, the denial of plaintiffs' variance was not without any evidentiary support. Several neighbors spoke out against the addition, essentially saying that it was not harmonious with the surrounding homes. Further, defendant is quite familiar with the neighborhood and its members inspected the area in person after receiving the

proposed plans. Although defendant failed to rely on measurements of surrounding homes for the purpose of comparison, the plans and drawings made clear to defendant the divergent picture that would have been created by plaintiffs' proposed addition.

The order of the circuit court is reversed. Our holding does not prejudice plaintiffs from submitting another proposal for a smaller addition.

In Docket No. 161939, nine of plaintiffs' neighbors contend that the circuit court erred in denying their motion to intervene. They claim a right of intervention as proper and necessary parties living within three hundred feet of plaintiffs' property. See MCL 125.591; MSA 5.2941; MCR 2.209(A)(1). However, the motion to intervene was not timely. In fact, it was not filed until after the circuit court issued its decision. Although the neighbors contend that they did not receive notice of plaintiffs' action, they admit having actual knowledge of it. Under these circumstances, we deem the decision on the motion as lying strictly within the circuit court's discretion. Here, the neighbors did not demonstrate that their interests were inadequately represented by defendant. Nor did they provide any evidence to show injury in the form of lower property values or otherwise. We find no abuse of discretion by the circuit court.

Finally, plaintiffs present their own cross appeal from the circuit court's denial of their motion for costs against the neighbors under MCR 7.101(P). A trial court's finding that a claim is frivolous or vexatious is reviewed for clear error. *Stablein v Schuster,* 183 Mich App 477, 483; 455 NW2d 315 (1990). We do not believe that the circuit court's findings regarding the frivolous or vexatious nature of the neighbors' claim were clearly erroneous

or that its refusal to award costs was an abuse of discretion.

In Docket No. 161938, we reverse the order of the circuit court reversing defendant's decision to deny plaintiffs' request for a variance. In Docket No. 161939, we affirm the orders of the circuit court denying appellant neighbors' motion to intervene and denying plaintiffs' motion for costs.