# STATE OF MICHIGAN

# COURT OF APPEALS

CHAOFU QIN,

        Petitioner-Appellant,

v

TOWNSHIP OF WATERFORD,

        Respondent-Appellee.

UNPUBLISHED
June 25, 2015

No. 320859
Tax Tribunal
LC No. 00-458041

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals as of right from the Tax Tribunal's final opinion and judgment determining the true cash value (TCV), state equalized value (SEV), and taxable value (TV) of petitioner's residential real property for tax year 2013. For the reasons explained below, we affirm.

Using a cost-less-depreciation approach, respondent assessed petitioner's residential real property, located in Waterford Township, as having a SEV and TV of $149,800 for tax year 2013. Petitioner contends that the SEV and TV should not have exceeded $106,500, because he purchased the property for $208,000 on November 30, 2012. The March Board of Review affirmed respondent's valuation, and petitioner filed his petition with the Tribunal in July 2013. Respondent answered in September 2013, asserting that the property had a fair market value of $299,600 and a TV of $106,500. At this point, according to petitioner, he thought his appeal had been resolved, as respondent appeared to have accepted his proposed TV. However, petitioner asserted that on November 15, 2013, respondent informed him by letter that the property's TV was $149,800, as originally assessed.

Petitioner asked the Tribunal to adjourn the hearing scheduled for December 3, 2013, on the basis that he would be out of the country at that time. On November 20, 2013, respondent notified the Tribunal that petitioner did not submit his evidence within 21 days before the hearing, and that its answer to the petition incorrectly listed the property's TV and should have listed it as $149,800. The Tribunal denied petitioner's request for an adjournment for lack of good cause shown.

Following the hearing on December 3, 2013, the hearing referee issued a proposed opinion and judgment setting the property's TCV at $299,600, its SEV at $149,800, and its TV at $149,800. The referee found that petitioner purchased the property on or about November 30,

-1-

2012, for $208,000, but explained that the purchase price is not an absolute indication of its TCV. The referee also noted that petitioner's statement that he purchased the property "at the highest bid" indicated that the purchase did not occur under normal market conditions. The referee acknowledged that petitioner submitted sales information for homes in the area to the March Board of Review that he had obtained from Zillow.com, but concluded that the properties listed varied in size and sale price and petitioner did not adjust for the differences.[1] Conversely, the referee found, that respondent's sales-comparison approach, in which respondent compared three sales of similar property and made certain adjustments, was reliable. The referee further concluded that respondent's answer to petitioner's appeal contained a clerical error to the extent it listed the property's TV as $106,500. The referee stated that this figure was not accurate and that respondent had alerted petitioner to the clerical error.

Petitioner filed an exception to the referee's proposed opinion and judgment, in which he claimed that "further evidence" showed the property had a TCV of $181,904. The additional evidence included a 2012 appraisal of the property indicating a value of $225,000 and several comparison sheets. Petitioner also alleged that the property was assessed as if it had 131 feet of lake frontage when it only has 56 feet. The Tribunal adopted the referee's valuations. The Tribunal declined to consider petitioner's new evidence on the basis that it was untimely, and it noted that petitioner had presented no evidence that the property has 56 feet of lake frontage, as opposed to the 131 feet of lake frontage stated on the property record card. The Tribunal reiterated that the property's purchase price was not necessarily indicative of its market value, especially considering that the sale may not have occurred under normal market conditions. Further, the Tribunal concluded that respondent's cost-less depreciation approach (as utilized in its initial assessment) was supported by the sales comparison analysis, which indicated an adjusted sales-price range between $294,000 and $335,000. Accordingly, the Tribunal ordered that the property had a TCV of $299,600, a SEV of $149,800, and a TV of $149,800 for tax year 2013.

Appellate review of the Tax Tribunal's decisions is limited. *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 112; 845 NW2d 81 (2014). In the absence of fraud, the Tribunal's decisions are reviewed for a "misapplication of the law or the adoption of a wrong principle." *Id*. We must "consider the Tax Tribunal's factual findings conclusive if they are " 'supported by competent, material and substantial evidence on the whole record.' " *Id.* (citation omitted).

Petitioner claims that the property's TCV in 2013 should have been determined by the price he purchased it for in 2012, and that there is no reason to conclude otherwise. Michigan's Constitution requires the uniform ad velorum taxation of real property, and that property must be assessed at not more than 50 percent of its TCV. Const 1963, art 9, § 3. MCL 211.27(1) defines TCV as the property's "usual selling price" at the time of assessment, "being the price that could be obtained for the property at private sale, and not at auction sale except as otherwise provided in this section, or at forced sale." But as MCL 211.27(6) makes clear, "the purchase price paid in

---

[1] The referee stated that petitioner's Zillow.com sales comparisons varied in size from 1,285 to 3,000 square feet, and set forth selling prices ranging from $85,000 to $350,000.

a transfer of property is not the presumptive true cash value of the property transferred." Rather, the assessor is required to assess the transferred property "using the same valuation method used to value all other property of that same classification in the assessing jurisdiction." *Id.* Accordingly, petitioner's argument that the property's sale price in 2012 is conclusive as to its TCV in 2013 is without merit.

Petitioner also argues in the body of its brief on appeal that respondent's sales-comparison analysis "does not make sense" and does not incorporate "commonly accepted standards." However, petitioner did not raise this issue in his statement of questions presented, meaning this Court need not consider it. See *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). Further, petitioner has abandoned the argument by providing no authority in support of his assertions. See *Davenport v City of Grosse Point Farms Bd of Zoning Appeals*, 210 Mich App 400, 405; 534 NW2d 143 (1995) ("An appellate court will not search for authority to sustain or reject a party's position.").

Nevertheless, "[t]he Tax Tribunal is under a duty to apply its expertise to the facts of a case to determine the appropriate method of arriving at the true cash value of property, utilizing an approach that provides the most accurate valuation under the circumstances." *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 353; 483 NW2d 416 (1992). "Regardless of the approach selected, the value determined must represent the usual price for which the subject property would sell," and "[t]he three most common approaches to valuation are the capitalization-of-income approach, the sales-comparison or market approach, and the cost-less-depreciation approach." *Id.* (citation omitted). "[T]he tribunal is not bound to accept either of the parties' theories of valuation. It may accept one theory and reject the other, it may reject both theories, or it may utilize a combination of both in arriving at its determination." *Id.* at 356. Further, "[t]he tribunal may not automatically accept a respondent's assessment, but must make its own findings of fact and arrive at a legally supportable true cash value." *Id.* at 355. "The Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of true cash value when competent and substantial evidence supports doing so, as long as it does not afford the original assessment presumptive validity." *Pontiac Country Club v Waterford Twp*, 299 Mich App 427, 435-436; 830 NW2d 785 (2013).

In determining that the property had a TCV of $299,600 for tax year 2013, respondent used a cost-less-depreciation approach, adding the property's land and building values. In the Tribunal proceedings, respondent supported its valuation with a sales-comparison analysis, which indicated that comparable properties had sold within a $294,000 to $335,000 price range. As respondent points out on appeal, its sales-comparison analysis merely complemented its original valuation derived from a cost-less-depreciation approach, and respondent does not claim that the cost-less-depreciation approach was an improper way to value the property or that the valuation was not supported by substantial evidence. Moreover, respondent's sales-comparison analysis provided competent and substantial evidence supporting the cost-less-depreciation approach, as respondent's assessed valuation of $299,600 fell within the $294,000 to $335,000 range indicated in the sales-comparison analysis.

Affirmed.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto