*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEGASUS WIND, LLC,

        Plaintiff-Appellant,

v

TUSCOLA COUNTY,

        Defendant-Appellee,

and

TUSCOLA AREA AIRPORT ZONING BOARD OF
APPEALS,

        Intervenor-Appellee.

FOR PUBLICATION
February 24, 2022

No. 355715
Tuscola Circuit Court
LC No. 20-031066-AA

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

MURRAY, J. (*dissenting*).

The airport zoning act, MCL 259.431 *et seq*., provides that a variance can be granted from airport zoning regulations "if a literal application or enforcement of the regulations would result in practical difficulty or unnecessary hardship and the relief granted would not be contrary to the public interest, but would do substantial justice and be in accordance with the spirit of the regulations." MCL 259.454(1). The Tuscola area airport zoning ordinance provides the same criteria as the statute except that it adds a requirement that addresses "approach protection," and requires that the Federal Aeronautics Administration and the Michigan Aeronautics Commission issue determinations of no hazards before a variance can be granted.

As the majority aptly describes, the airport zoning board of appeals (AZBA) heard testimony over two days and issued an eight-page resolution denying the request for variances for the eight wind turbines. The circuit court affirmed that decision, and in doing so it accurately summarized the parties' positions and evidence, but was somewhat short on explaining why it affirmed. Nevertheless, the court set forth the correct legal principles governing its review, accurately recounted the arguments and evidence, and reached a conclusion. For that reason, I cannot conclude that the trial court applied incorrect legal principles or that it misapprehended or

grossly misapplied the substantial evidence test to the AZBA's factual findings. *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009) (quotation marks and citation omitted).

This is a close case. The majority sets out detailed explanations for why several of the reasons articulated by the AZBA may not be solidly embedded in a factual foundation. However, the record before the zoning board did contain testimony and evidence supporting many of its conclusions, including that the wind turbines could cause dangers to pilots experiencing in-flight emergencies, that the placement and height of the wind turbines would cause visual flight rule (VFR) pilots to fly in a different airspace (Class E airspace, instead of Class G airspace), which triggers different flight visibility requirements, which in turn can cause a "choke point" for those pilots also seeking to circumnavigate around the wind turbines.[1] Additionally, it appeared undisputed that at least when flying under VFR and over the wind turbines, the primary radar transmitted from air traffic control would be interfered with by the turbines. Again, Pegasus disputes some—or most—of these findings, or the frequency with which some of these events may occur, but there is no doubt that there was evidence setting forth these (and other) facts, and that those facts supported the reasonable conclusion of the AZBA.[2]

Because the record contains evidence supporting these propositions, and the AZBA made specific findings on the pertinent factors, it is difficult to reverse given the deferential standard of review. After all, there only needs to be a "scintilla" of evidence supporting the findings, and that level of evidence does not necessarily rise to even a preponderance. *In re Payne*, 444 Mich 679, 692-693; 514 NW2d 121 (1994).[3] Judges must be careful to not substitute their judgment for that of the administrative body that has the expertise to address these matters. *Davenport v Grosse Pointe Farms Zoning Bd*, 210 Mich App 400, 405-406; 534 NW2d 143 (1995) (Courts "must give due deference to the agency's regulatory expertise and may not 'invade the province of exclusive administrative fact finding by displacing an agency's choice between two reasonably differing views.' ").

---

[1] Evidence indicated that approximately 85% of the planes utilizing the airport were VFR flights.

[2] Importantly, the airport zoning board has a lesser standard when it comes to concerns for hazards than does the FAA. When considering hazards, the FAA focuses on a "substantial aeronautical impact to air navigation," and will not even consider hazards with respect to emergency situations, because emergencies are unpredictable and isolated. The airport zoning board looks more broadly to any "airport hazards," including the potential hazards relating to emergencies. Thus, it would not necessarily be inconsistent for circumstances to satisfy the FAA that no hazards exist while also supporting the opposite finding by the airport zoning board.

[3] Pegasus makes much of the fact that it presented expert testimony and evidence on many of the relevant criteria, and that the AZBA improperly dismissed that evidence, instead relying in part on public comments from several pilots who have flown into the airport. But one of the duties of the AZBA is to determine the credibility of the witnesses, and the board was free to rely upon the pilots who actually have flown into the airport over experts who had not. *In re Payne*, 444 Mich at 693.

Here, in light of the competing evidence and arguments, I would hold that the circuit court did not err in affirming the decision of the airport zoning board, which was entitled to substantial deference, that Pegasus did not establish practical difficulties or unnecessary hardship such that a variance had to be granted. Based on the relative strength of each sides' evidence and argument, the AZBA could have decided either way with regard to the variances. Its choice between two reasonable but differing views was properly deferred to by the circuit court, as it should be by this Court. I would affirm.[4]

/s/ Christopher M. Murray

---

[4] As the majority makes clear, that this same circuit court reversed the AZBA's prior denial of a variance for 33 other wind turbines, is of no moment. Given that the record regarding these turbines contained additional testimony and/or public comments, and given that the AZBA offered more detailed findings in support if its decision, the circuit court was dealing with a different case this time around.