COFFEE-RICH, INC., v. DEPARTMENT OF AGRICULTURE.

1. APPEAL AND ERROR—COURT OF APPEALS—DECLARATION OF RIGHTS —REVERSAL OF FINDING.

   The finding of fact and law in a proceeding for declaration of rights and for an injunction must be found to have been not justified by the record and to have been erroneous in order to be overruled by the Court of Appeals (GCR 1963, 810[2]).

2. DECLARATORY JUDGMENT—INJUNCTION—EQUITY.

   A suit for a declaratory judgment and for injunctive relief is equitable in nature (GCR 1963, 521).

3. SAME—INJUNCTION—REVIEW.

   Review by the Court of Appeals of a proceeding for declaration of rights and for injunctive relief is *de novo* on the entire record of the lower court (GCR 1963, 521).

4. FOOD—IMITATIONS OF DAIRY PRODUCTS—REGULATION—FINDING OF TRIAL COURT.

   Finding of fact by circuit court that plaintiffs' product was an all-vegetable product, wholesome, of a nature which was *sui generis*, and not in imitation of cream, half and half, or milk under statute regulating manufacture, distribution, and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 839, 872.
[2] 16 Am Jur, Declaratory Judgments § 15.
  28 Am Jur, Injunctions § 3.
[3] 5 Am Jur 2d, Appeal and Error §§ 864, 872.
[4] 5 Am Jur 2d, Appeal and Error §§ 880, 882.
  22 Am Jur, Food § 29.
[5] 5 Am Jur 2d, Appeal and Error §§ 761, 762, 768.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

sale of imitations of such dairy products, is not disturbed on appeal, where the finding is supported by expert testimony and the product was examined by the trial court and compared with products defendant claimed it imitated (PA 1961, No 235).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW—FOOD.

The constitutionality of statute regulating the manufacture, distribution, and sale of imitations of certain dairy products may not be raised, where the product involved in the suit was found not to be within the purview of such statute (PA 1961, No 235).

6. COSTS—PUBLIC QUESTION—FOOD.

No costs are allowed in suit by food manufacturer and 1 of its retailers against department of agriculture for declaration of rights and for injunctive relief against enforcement of an act regulating the manufacture, distribution, and sale of imitations of certain dairy products, a public question being involved (PA 1961, No 235).

Appeal from Wayne; Bowles (George E.), J. Submitted Division 1 April 7, 1965, at Detroit. (Docket No. 226.) Decided June 21, 1965. Leave to appeal denied by Supreme Court August 17, 1965.

Complaint by Coffee-Rich, Inc., a Delaware corporation, and Mildred L. Larck, doing business as CPA Grill, against the Department of Agriculture, George S. McIntyre, director, and J. Lyle Littlefield, chief of foods and standards division, for a declaratory judgment and an injunction to prevent enforcement of PA 1961, No 235. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Dykema, Wheat, Spencer, Goodnow & Trigg (John R. Dykema,* of counsel), and *Arnall, Golden & Gregory (Ellis Arnall* and *Elliott H. Levitas,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Maurice M. Moule* and

*Franklin J. Rauner,* Assistant Attorneys General, for defendants.

WATTS, P. J.   This is an appeal from the Wayne county circuit court.   Plaintiffs-appellees prevailed in that court.   Cause was heard by judge without jury.

Plaintiffs-appellees are a Delaware corporation doing business in Michigan and a restaurant owner who served its food product.   Defendants-appellants are the Michigan department of agriculture and two of its officials.   The issues were accurately stated at the trial level in trial court's pretrial statement:

"This is an action for a declaration of rights and to enjoin the enforcement by defendants of PA 1961, No 235, as applied to plaintiffs' product 'Coffee-Rich.'   The ground of plaintiffs' petition is that the act in question does not apply to plaintiffs' product Coffee-Rich, because the product is not an imitation of cream, half and half, or milk, and on the further ground that the statute does not apply to the plaintiffs' product because there is no intentional imitation or copying of cream, half and half, or milk.

"The further ground for plaintiffs' petition is that if the statute be held to apply to plaintiffs' product, such application denies plaintiffs the due process of law and equal protection of the laws guaranteed to it by the Constitution of the United States and of the State of Michigan."

The controlling language of the statute which was applied is found in PA 1961, No 235 (CLS 1961, § 288.401 *et seq.* [Stat Ann 1963 Cum Supp §§ 12.619 (1)–12.619(6)]:

"(a) 'Imitation cream' means any substance, mixture or compound, excluding all dairy products but containing vegetable or animal fats or oils and other substances or compounds, which· is made in imitation of cream, half and half, or milk, and is used

or mixed with coffee or other beverages, cereal, sauces, soups, or other foods."

The pivotal language, and that upon which the Wayne county circuit court based the decision is "made in imitation of cream, half and half, or milk". Unless the product is found to be "made in imitation of cream, half and half, or milk" it does not come within the purview of the statute. The lower court found, from the testimony, the pleadings, and the exhibits, from tasting and comparing the product, that Coffee-Rich was an all-vegetable coffee whitener and was not made in imitation of cream, half and half, or milk.

This Court, in order to overrule that finding of fact and law, must find that the record does not justify such a finding, and that such a finding was clearly erroneous, GCR 1963, 810(2). This was a suit for injunctive relief and a declaratory judgment.[*] Formerly, this would have been an equity action, and is still an action equitable in nature. In such a situation, this Court, on appeal, reviews *de novo* the entire record of the lower court. *Quackenbush* v. *Quackenbush* (1943), 305 Mich 704. This Court has reviewed the entire record and finds that it cannot be held that the finding of the trial court, sitting without a jury and acting as the finder of fact and of law, was clearly erroneous.

There was an abundance of testimony for both sides, most of it expert testimony from qualified expert witnesses. The testimony and the pleadings from the lower court number approximately 800 pages. The lower court examined the product Coffee-Rich and compared it with the dairy products which defendants-appellants contend it imitates.

[*] See CL 1948, § 691.501 *et seq.* (Stat Ann § 27.501 *et seq.*), repealed by PA 1961, No 236, § 9901 (CLS 1961, § 600.9901 [Stat Ann 1962 Rev § 27A.9901]). See, currently, GCR 1963, 521.—REPORTER.

The trial court had adequate basis for finding that Coffee-Rich was an all-vegetable product, wholesome, of a nature which was *sui generis,* and that it was not in imitation of cream, half and half, or milk under the statute. This Court will not disturb that finding.

Since the product in question must come under the statute, PA 1961, No 235 (CLS 1961, § 288.401 [Stat Ann 1963 Cum Supp § 12.619]) before any question of constitutionality of that statute or its application can be raised, this Court, like the lower court, finds it unnecessary to rule on the constitutional issue. The product is not in imitation of cream, half and half, or milk, and does not come under the purview of the statute, hence there is no constitutional question involved.

Judgment of the Wayne county circuit court affirmed. No costs, a public question being involved.

J. H. GILLIS and QUINN, JJ., concurred.