BUTT v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 63243. Submitted June 7, 1983, at Lansing.—Decided
September 27, 1983.

James K. Butt filed suit against Detroit Automobile Inter-Insurance Exchange in Livingston Circuit Court seeking to recover damages resulting from an automobile accident in which Butt's wife was killed. Plaintiff and defendant settled the wrongful death aspects of the case and there was also an agreement between plaintiff and defendant that plaintiff would avail himself of the survivor's benefits under the policy of insurance and no-fault act. Plaintiff claimed that it was agreed that he would be paid $20 per day for replacement services for a period of three years, the maximum amount of benefits for the maximum period of time. Defendant denied that there was ever an agreement as to how much plaintiff would be paid or for how long. Defendant paid the maximum amount for the first year. After the first year, however, defendant questioned the value of the replacement services plaintiff was receiving and requested additional documentation to substantiate plaintiff's claim for maximum benefits. Plaintiff protested, whereupon defendant informed plaintiff that defendant would not require the documentation if plaintiff were willing to accept $15 per day replacement services benefits. Plaintiff then brought this suit alleging that defendant had breached the settlement agreement

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 56.
[2, 6] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 33.
[3] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 35.
[4] 7 Am Jur 2d, Automobile Insurance § 358.
   43 Am Jur 2d, Insurance § 726.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.
[5] 7 Am Jur 2d, Automobile Insurance § 344.
[5, 7] 7 Am Jur 2d, Automobile Insurance § 345.
   Automobile insurer's liability for statutory excess interest for delayed payment of no-fault claim. 14 ALR4th 761.
[8] 44 Am Jur 2d, Insurance § 1771.
[9] 7 Am Jur 2d, Automobile Insurance § 351.
[10] 7 Am Jur 2d, Attorneys at Law § 277 et seq.

by refusing to pay $20 per day for replacement services and that defendant was liable for damages to plaintiff resulting from defendant's intentional infliction of mental distress. Defendant moved for summary judgment on the ground that plaintiff had failed to state a cause of action upon which relief could be granted as to the claim of intentional infliction of emotional distress. The motion was denied, C. Ralph Kohn, J. The jury found defendant liable on both counts and returned a verdict in the amount of $14,660, representing $20 per day for the remaining 733 days of the statutory three-year period, for replacement services benefits and $75,000 damages for intentional infliction of emotional distress. Defendant's motions for judgment notwithstanding the verdict or, in the alternative, a new trial were denied. Following an evidentiary hearing, the trial court awarded plaintiff $8,345 for attorney fees, C. Ralph Kohn, J. Defendant appeals, challenging only the verdict on the claim of intentional infliction of emotional distress and the award of attorney fees. *Held:*

1. The trial court improperly denied defendant's motion for summary judgment as to plaintiff's intentional infliction of emotional distress claim. Damages for mental distress are not recoverable for breach of an automobile no-fault insurance policy. Both the no-fault insurance contract out of which plaintiff's right to survivor's loss benefits arises and the alleged settlement agreement between plaintiff and defendant are commercial contracts involving nothing more than a promise to pay a sum of money upon the happening of certain contingencies, breach of which cannot give rise to a claim for damages for mental anguish. Plaintiff's claim that recovery of mental distress damages was proper because he pled and proved the independent tort of intentional infliction of emotional distress is rejected. The conduct complained of falls far short of the conduct which is considered tortiously outrageous. The judgment for $75,000 on this claim is vacated.

2. The trial court's determination that plaintiff was entitled to recover attorney fees is affirmed. Defendant did not have good cause to delay in making payments of at least $15 per day.

3. The trial court erred in its determination of the amount of attorney fees to which plaintiff is entitled by not addressing certain specific factors and by accepting plaintiff's itemized bill as sufficient proof of the reasonableness of the fees. The case is remanded for an evidentiary hearing on reasonable attorney fees and findings of fact in support of the trial court's determination.

Reversed in part, affirmed in part, and remanded.

1. CONTRACTS — BREACH OF CONTRACT — DAMAGES.

The general rule in breach of contract actions is that damages recoverable for a breach of contract are those arising naturally from the breach or those which were within the parties' contemplation at the time of contracting.

2. CONTRACTS — BREACH OF CONTRACT — DAMAGES — MENTAL DISTRESS — COMMERCIAL CONTRACTS.

Mental distress damages may not be awarded in actions for breach of a commercial contract absent allegation and proof of tortious conduct existing independent of the breach.

3. CONTRACTS — BREACH OF CONTRACT — DAMAGES — MENTAL DISTRESS — PERSONAL CONTRACTS.

Mental distress damages are recoverable for breaches of contract of a personal nature, as distinguished from contracts which are entered into for a pecuniary or commercial purpose, because injuries to the emotions are foreseeable as flowing naturally from the breach.

4. INSURANCE — NO-FAULT INSURANCE — PROFESSIONAL LIABILITY INSURANCE — MENTAL DISTRESS.

Damages for mental distress are not recoverable for breach of an automobile no-fault insurance policy or breach of a professional liability insurance policy.

5. INSURANCE — NO-FAULT INSURANCE — FAILURE TO PERFORM — REMEDIES.

A plaintiff's remedy for its insurer's bad faith refusal to perform a no-fault insurance contract is limited to recovery of actual attorney fees and interest, as provided by statute (MCL 500.3142, 500.3148; MSA 24.13142, 24.13148).

6. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

An actor is not liable for intentional infliction of emotional distress where he has done no more than insist upon his legal rights in a permissible way, even though he is aware that such insistence is certain to cause emotional distress.

7. INSURANCE — NO-FAULT INSURANCE — ATTORNEY FEES.

A court may award attorney fees to a claimant where an insurer has unreasonably refused or delayed making payments under the no-fault automobile insurance act (MCL 500.3148[1]; MSA 24.13148[1]).

8. INSURANCE — DELAY IN PAYMENT.

An insurer's delay in making payments to an insured is not unreasonable where the delay is the product of a legitimate

question of statutory construction, case law, or bona fide factual uncertainty.

9. INSURANCE — NO-FAULT INSURANCE — CONTESTED CLAIMS.

An insurer may contest a claim under the no-fault act without penalty where a reasonable dispute exists as to either coverage or the amount of benefits owing.

10. ATTORNEY AND CLIENT — ATTORNEY FEES.

Factors to be considered in determining the reasonableness of attorney fees include: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

*Lobur & Hensick, P.C.* (by *John S. Lobur*), for plaintiff.

*The Heikkinen Law Firm* (by *Thomas A. Matthews*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of counsel, for defendant.

Before: DANHOF, C.J., and ALLEN and K. N. HANSEN,* JJ.

PER CURIAM. Defendant appeals as of right from a jury verdict rendered on November 4, 1981, finding defendant liable for intentional infliction of emotional distress and awarding plaintiff $75,000 in damages.

On December 21, 1979, plaintiff sued defendant for damages resulting from an automobile accident involving plaintiff's wife, Goldie Butt, and defendant's insured, wherein Goldie Butt was killed.

Plaintiff settled the wrongful death aspects of the case against defendant's insured and defendant for the policy limit of $20,000. Plaintiff claims that, in addition, it was understood among the parties that plaintiff was to receive the maxi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mum survivor's benefits authorized by MCL 500.3108; MSA 24.13108, namely, $20 per day for replacement services for three years. Defendant disputes this, however, and claims that it was understood that plaintiff would avail himself of the survivor's benefits under the policy of insurance and no-fault act, but denies that there was any agreement that plaintiff would receive the maximum benefits for the maximum period of time.

Defendant paid plaintiff $20 per day for the first year for the replacement services provided by plaintiff's mother. Plaintiff and his mother provided monthly documentation consisting of statements that the services were rendered and the value of the services was $20 per day. However, a year later, after review of plaintiff's account, it was concluded by defendant that $20 per day was not the reasonable value of the services provided and that further documentation was necessary to justify the amount. As a result, plaintiff's mother was asked to complete forms on a daily basis detailing the services she provided. When plaintiff protested, defendant informed plaintiff that defendant would not require the documentation if plaintiff were willing to accept $15 per day replacement services benefits. This litigation followed.

On December 21, 1979, plaintiff brought the instant action. In count I plaintiff alleged that defendant had breached the settlement agreement by refusing to pay $20 per day for replacement services. In count II, plaintiff alleged that defendant was liable for damages to plaintiff resulting from defendant's intentional infliction of mental distress.

Prior to trial, defendant moved for summary judgment pursuant to GCR 1963, 117.2(1) on the claim for intentional infliction of emotional dis-

tress. The motion was denied on September 16, 1981. The matter was tried on November 3 and 4, 1981, and, following defendant's motion for a directed verdict on the mental distress claim, the case was submitted to the jury. The jury found defendant liable on both counts and returned a verdict in the amount of $14,660 ($20 per day for the remaining 733 days of the statutory period) for replacement services benefits and $75,000 for intentional infliction of emotional distress. Defendant's motion for judgment notwithstanding the verdict or, in the alternative, a new trial was denied. After an evidentiary hearing, the trial court awarded plaintiff $8,345 in attorney fees pursuant to MCL 500.3148; MSA 24.13148.

On appeal, defendant challenges the verdict on the claim of intentional infliction of emotional distress and the award of attorney fees. Defendant does not challenge the award for replacement services benefits.

Defendant first argues that the trial court improperly denied defendant's motion for summary judgment on plaintiff's claim for intentional infliction of emotional distress. We agree.

The general rule in breach of contract actions is that damages recoverable for a breach of contract are those arising naturally from the breach or those which were within the parties' contemplation at the time of contracting. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980); *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854). Damages for mental (emotional) distress are not normally recoverable in breach of contract actions. *Kewin, supra.* Furthermore, absent allegation and proof of tortious conduct existing independent of the breach, mental distress damages may not be awarded in actions

for breach of a commercial contract. *Kewin,* pp 420-421; *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171, 185; 318 NW2d 679 (1982).

An exception to the general nonrecovery rule in breach of contract actions was announced in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957). Mental distress damages are recoverable for breaches of contract of a personal nature, as distinguished from contracts which are entered into for a pecuniary or commercial purpose, because injuries to the emotions are foreseeable as flowing naturally from the breach. In *Kewin,* the Supreme Court recognized the *Stewart* exception, but found it inapplicable to the contract at issue there. *Kewin* involved breach of an insurance contract for disability income protection. Insurance contracts, as agreements to pay a sum of money upon the occurrence of a specified event, are commercial in nature. The damage incurred upon breach of such an agreement is capable of adequate compensation by reference to the terms of the contract. The Court recognized that while breach of an insurance contract, as with almost any agreement, results in some annoyance and vexation, recovery for those consequences is generally not allowed absent evidence that they were within the contemplation of the parties at the time the contract was made.

Panels of this Court have applied *Kewin* and held that damages for mental distress are not recoverable for breach of an automobile no-fault insurance policy, *Van Marter, supra,* p 183; *Liddell v Detroit Automobile Inter-Ins Exchange,* 102 Mich App 636, 649; 302 NW2d 260 (1981), or breach of a professional liability insurance policy, *Stein v Continental Casualty Co,* 110 Mich App 410, 422-424; 313 NW2d 299 (1981). A plaintiff's

remedy for its insurer's bad faith refusal to perform a no-fault insurance contract is limited to recovery of actual attorney fees and interest, as provided in MCL 500.3148; MSA 24.13148 and MCL 500.3142; MSA 24.13142. *Butler v Detroit Automobile Inter-Ins Exchange,* 121 Mich App 727, 735; 329 NW2d 781 (1982); *Van Marter, supra.*

We believe that *Kewin* and the Court of Appeals cases cited above are on point. Both the no-fault insurance contract out of which plaintiff's right to survivor's loss benefits arises and the alleged settlement agreement between plaintiff and defendant are commercial contracts involving nothing more than a promise to pay a sum of money upon the happening of certain contingencies, breach of which cannot give rise to a claim for damages for mental anguish.

We are unpersuaded by plaintiff's claim that recovery of mental distress damages was proper because he pled and proved the independent tort of intentional infliction of emotional distress. The alleged outrageous and reckless conduct upon which plaintiff based his claim for damages was set out in paragraphs four and five of the complaint:

"4. That since approximately May 24, 1979, the defendant has refused and neglected to abide by the settlement terms as agreed upon and enumerated above. The defendant has refused to pay survivor's benefits pursuant to MSA 24.13108 as previously agreed.

"5. That in addition to ceasing payments pursuant to the settlement agreement and the survivor's benefits provisions of MSA 24.13108, the defendant has constantly requested that the plaintiff verify that services are being rendered by his mother which were previously performed by his deceased wife, and that the value of these services is in the amount of twenty-dollars ($20.00) or more per day."

Clearly, in paragraph four, plaintiff has alleged no more than the failure of defendant to discharge its obligations under the settlement agreement and no-fault act. As to the allegations in paragraph five, defendant is entitled to require proof of loss accrued before paying personal protection insurance benefits under the no-fault act. MCL 500.3142; MSA 24.13142; *English v Home Ins Co,* 112 Mich App 468, 476; 316 NW2d 463 (1982). An actor is not liable for intentional infliction of emotional distress where he has done no more than insist upon his legal rights in a permissible way, even though he is aware that such insistence is certain to cause emotional distress. *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386, 391; 239 NW2d 380 (1976); 1 Restatement Torts, 2d, § 46, comment g, p 76. Furthermore, while plaintiff alleges extreme and outrageous and reckless conduct, the conduct complained of in paragraph five, *i.e.,* requests for verification of services, falls far short of the conduct which is considered tortiously outrageous. See *Holmes v All State Ins Co,* 119 Mich App 710; 326 NW2d 616 (1982), and cases cited therein.

The trial court erred by denying defendant's motion for summary judgment on plaintiff's claim for intentional infliction of emotional distress. Therefore, the judgment for $75,000 on this claim is vacated. In light of our disposition on this issue, we find it unnecessary to address defendant's additional allegations of error concerning the mental distress claim.

Defendant next challenges the award of attorney fees. Defendant argues that the court erred by awarding attorney fees pursuant to MCL 500.3148; MSA 24.13148 because defendant's refusal to pay benefits resulted from a bona fide factual dispute

regarding the amount of benefits to which plaintiff was entitled. Defendant also argues that the amount of attorney fees awarded was unreasonable.

Pursuant to MCL 500.3148(1); MSA 24.13148(1), if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment, the attorney's fee shall be charged against the insurer in addition to the benefits recovered. *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573; 321 NW2d 653 (1982); *Cook v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 53, 55; 318 NW2d 476 (1982). An insurer's delay in making payments to an insured is not unreasonable where the delay is the product of a legitimate question of statutory construction, case law or a bona fide factual uncertainty. *Liddell, supra,* p 650.

Where a reasonable dispute exists as to either coverage or the amount of benefits owing, the insurer is allowed to contest the claim under the act without penalty. *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136, 139; 311 NW2d 317 (1981); *Coe v Security National Ins Co,* 228 Kan 624; 620 P2d 1108 (1980) (construing similar provisions of the Kansas Insurance Act). The trial court's finding of unreasonableness on the part of the insurance company will be disturbed on appeal only if that finding is clearly erroneous. *Liddell, supra,* p 650; *English, supra,* p 476.

In the instant case, while defendant clearly considered $15 per day a reasonable amount with respect to the value of the replacement services, defendant failed to pay the $15 per day and did not even offer payment until sometime in November, 1979, almost five and one-half months after rejection of the $20 per day payments. Compare

*Coe, supra,* where the defendant confessed judgment for the amount it believed it owed and turned it over to the court. Thus, defendant did not have good cause to delay in making payments of at least $15 per day. Further, looking at the totality of the circumstances, we do not find the trial court's determination that defendant unreasonably refused to pay $20 per day replacement services to be clearly erroneous. We affirm the trial court's determination that plaintiff was entitled to recover attorney fees.

Defendant finally argues that the award of attorney fees in the amount of $8,345 was unreasonable. Plaintiff's attorneys requested attorney fees in the amount of $75 per hour for 181.60 hours ($13,620), and submitted an itemized bill in support thereof. While it appears that the trial court properly ordered plaintiff's attorneys to segregate the time spent on the mental distress claim from the time spent on the claim for replacement services since only the latter was recoverable, the court also indicated that the time spent in trial preparation and the trial on the mental distress claim need not be excluded since it would be too difficult.

Plaintiff's attorneys segregated 24.70 hours from the itemized bill as work done that did not relate to some part of the replacement services. Thus, plaintiff's attorneys' request was for 156.90 hours expended by the attorneys in the preparation, performance and representation of plaintiff. In addition, plaintiff's attorneys requested fees for ten hours expended on the motion and hearings for attorney fees. Thus, plaintiff's attorneys total request was for 166.90 hours at $75 per hour for a total of $12,517.50.

The trial court granted plaintiff $50 per hour for

the requested 166.90 hours, for a total of $8,345. The court indicated that as a finding of fact it had reviewed plaintiff's itemized bill and accepted it as an accurate record based upon the evidence presented at the previous hearing.

While not an exhaustive list, factors to be considered in determining the reasonableness of attorney fees include:

" '(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.' " *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), adopted in *Wood, supra,* p 588.

While the trial court need not detail its findings as to each specific factor considered, *Wood, supra,* p 588, the court considered none of the *Crawley* factors on the record and accepted plaintiff's itemized bill as sufficient proof of the reasonableness of the fees. Reviewing the itemized bill, we question the reasonableness of the hours claimed to have been expended considering the difficulty of the case. The only issue involved, for which attorney fees are allowable, was whether $20 was the reasonable value of the replacement services provided by plaintiff's mother. We also question the reasonableness of the attorneys' claim that they could only exclude 24.70 hours from the total of 181.60 as spent on the mental distress claim. We note that at the January 28, 1982, hearing attorney Hensick stated that 81.6 hours were attributable to the mental distress claim. Finally, a proper consideration in determining fees is the amount in question. Here, plaintiff was awarded an attorney

fee of 57% of the amount at issue. While not determinative, the contingency fee agreement between plaintiff and his attorneys should have been considered in determining reasonableness. *Liddell, supra,* p 652.

In *Petterman v Haverhill Farms, Inc,* 125 Mich App 30; 335 NW2d 710 (1983), the Court reversed an award of attorney fees and remanded for an evidentiary hearing where the trial court did not address any of the *Crawley* factors on the record and found the bill of costs to be "prima facie accurate". The Court held that the trial court should have inquired into the services actually rendered by the attorney before approving the bill of costs.

We believe the trial court erred by not addressing the *Crawley* factors. We remand for another evidentiary hearing on reasonable attorney fees and findings of fact in support of the trial court's determination.

Reversed as to the award of damages for mental distress. Affirmed as to the determination that attorney fees should be awarded to plaintiff concerning his action for compensation for replacement services. Reversed as to the amount of attorney fees awarded and remanded for an evidentiary hearing and findings of fact as to reasonable attorney fees. No costs, neither party having prevailed in full.