**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED DECEMBER 23, 2003**

EVELYN PROUDFOOT,

    Plaintiff-Appellee,

V                                           No. 123502

STATE FARM MUTUAL INSURANCE
COMPANY,

    Defendant-Appellant.

_____

PER CURIAM

    Plaintiff sought no-fault benefits for injuries suffered in a car-pedestrian accident in order to make modifications to her house. The circuit court granted judgment for plaintiff and ordered that certain sums be paid to plaintiff and to the court. The Court of Appeals affirmed in part and reversed in part. We reverse in part the Court of Appeals decision and remand the case to the Washtenaw Circuit Court for further proceedings consistent with this opinion. In all other respects, we affirm.

Plaintiff sustained serious injuries in November 1995, when she was struck by a car during a visit to Michigan from her home in England. Her leg was amputated above the knee, and, because of complications with her prosthesis, the use of a wheelchair became necessary. In 1997, plaintiff's husband sent defendant no-fault insurance carrier a letter stating that, on the basis of an occupational therapy report, significant home modifications were required and that an architect had been requested to prepare plans and to estimate the cost.

The architect provided the plans to plaintiff, who paid the architect's bill ($815.10[1]) and forwarded it to defendant in March 1999. The estimated cost for the home modifications, including the value added tax (VAT) of 17.5 percent, was about $250,000. Defendant had its own expert evaluate the home, and, on the basis of that evaluation, defendant claimed that plaintiff's requests were unreasonable. It also denied plaintiff's request for reimbursement of the architect's bill.

Plaintiff sued for breach of contract and declaratory relief. As the result of a mutually accepted mediation

---

[1] The monetary figures have been converted from English pounds to American dollars.

award, Washtenaw Circuit Judge Timothy P. Connors awarded plaintiff partial judgment on January 28, 2000.[2] By its terms, the partial judgment did not dispose of plaintiff's claim for home modifications.

The court held a jury trial on the issues related to the proposed home modifications.[3] Responding to questions on the jury form, the jury found that plaintiff had incurred "allowable expenses" in the amount of $815.10 (the architect's bill) and that defendant had received reasonable proof of the expenses on March 2, 1999. In a portion of the form entitled "Declaratory Judgment," the jury found that the modifications to plaintiff's home were reasonably necessary, that the amount of the allowable expense was $220,500 (plus the VAT), and that plaintiff had supplied reasonable proof of those expenses on December 2, 1997.

Plaintiff moved for entry of a judgment that would award her judgment interest, MCL 600.6013, no-fault penalty interest, MCL 500.3142, and no-fault attorney fees, MCL

---

[2] Plaintiff was awarded certain wage loss benefits, attendant care benefits, mileage benefits, the cost of a modified van purchase, and no-fault interest, judgment interest, and attorney fees on all the benefits awarded.

[3] At the time of trial, the modifications had not yet been made.

3

500.3148(1). The January 5, 2001, judgment awarded plaintiff the architectural services fee and no-fault interest on that fee from April 1, 1999. The judgment also provided:

> IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff recover future home modifications as awarded by the jury in the amount of $220,500.00 plus value added tax of 17.5% for a total future home modification award in the amount of $259,087.50 is awarded [sic], such amount to be overseen by the Court as the expenses are incurred under the no fault law.

> IT IS FURTHER ORDERED AND ADJUDGED that no fault interest on the home modification amount of $259,087.50, from the date reasonable proof was submitted, with the billing April 1, 1999 at the rate of 1% per month until paid.

No-fault attorney fees in the amount of $69,300.00 and costs of $7,597.23 were awarded. The judgment also provided:

> IT IS FURTHER ORDERED AND ADJUDGED that prejudgment interest or post judgment interest is owed from November 27, 1997 at the rate of 12% per annum compounded annually, on the architect's bill, the no fault interest on the architect's bill and the future home modifications, the no fault attorney fees and costs, and the no fault interest on home modifications until each of said items are paid.

Defendant appealed, and the Court of Appeals affirmed in part and reversed in part. 254 Mich App 702; 658 NW2d 838 (2003). The Court found that the trial court had "appropriately ordered defendant to pay the total amount of

4

home modification benefits to the trial court for distribution." *Id.* at 711. It reasoned that declaratory relief is not exclusive and that a money judgment may be appropriate when the parties have had notice and a hearing or when future damages are involved, *Manley v Detroit Automobile Inter-Ins Exch*, 425 Mich 140; 388 NW2d 216 (1986).

The Court of Appeals also held that the grant of attorney fees was appropriate with regard to defendant's failure to pay for both the architectural services and the overdue home modifications. It reasoned:

> [P]laintiff was forced to seek legal action to establish defendant's *obligation* to pay for necessary home modifications. Defendant failed to provide *any* assistance to plaintiff. Absent independent financial means, plaintiff was unable to commence or obligate herself for these modifications. The record reveals a lack of any realistic finalized plan that defendant was prepared to implement at the time of trial. Consequently, the trial court properly decided that plaintiff was also entitled to attorney fees because defendant's delay in proffering a finalized alternative plan or payment was unreasonable. [254 Mich App 715 (emphasis in original).]

The Court found that defendant's premise—"that an insured must be able to pay for or have the economic ability to obligate oneself for all benefits before they become due"—

> would result in economic disparity wherein only the wealthy or those with a healthy credit line

5

would be able to pursue a dispute with their insurance company over benefits. [*Id.* at 716.]

For the same reasons, the Court also found the award of no-fault interest to be proper.

Relying on MCL 600.6013(1) and the definition of "future damages" in MCL 600.6301, the Court of Appeals reversed the trial court on the issue of judgment interest on the future home modifications. Judgment interest on the architect's fee, on the no-fault interest, and on the attorney fees was upheld.

The Court of Appeals dissenter would have held that the expenses for the home modifications were not overdue because plaintiff had not incurred the expenses and because the necessity of the modifications was a bona fide factual dispute, which was ultimately settled by the jury. 254 Mich App 719. The dissenter reasoned that although plaintiff would not need to pay the costs of the modifications out of her own pocket in order to "incur" them, she would need to "become liable for them; defendant is not obligated to pay for modifications plaintiff may never make." *Id.* at 720. The dissenter noted that plaintiff could "submit claims to defendant *as they are incurred.*" *Id.* at 722 (emphasis in original). The dissenter would have found that the expenses related to the

6

proposed modifications were not overdue, and that defendant should have been required to pay only the attorney fees and interest that were associated with the architect's bill.

Defendant has applied to this Court for leave to appeal.

## II

### A

Because this case involves questions of law and issues of statutory interpretation, it is reviewed de novo. The primary rule of statutory construction is to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, it is generally applied as written. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). A statute's language is given its ordinary and generally accepted meaning. *Putkamer v Transamerica Ins Corp*, 454 Mich 626, 631; 563 NW2d 683 (1997), citing *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995).

### B

We agree with the Court of Appeals that plaintiff is not entitled to judgment interest on the proposed home modifications. MCL 600.6013(1) provides in part that, "for complaints filed on or after October 1, 1986, *interest is not allowed on future damages* from the date of filing the

7

complaint to the date of entry of the judgment." (Emphasis added.) MCL 600.6301 defines "future damages" as "damages arising from personal injury which the trier of fact finds will accrue after the damage findings are made . . . ." The award of judgment interest on the architect's fee, on the no-fault interest on that fee, and on the attorney fees that were associated with the award of the architectural services fee, was appropriate.

C

We also affirm the Court of Appeals holding concerning the declaratory judgment that the modifications to plaintiff's home were reasonably necessary, that the amount of the allowable expense was $220,500 (plus the VAT), and that plaintiff had supplied reasonable proof of those expenses on December 2, 1997. Likewise, the judgment awarding plaintiff the architectural services fee that plaintiff has already paid is affirmed.

However, we reverse that portion of the Court of Appeals judgment that ordered defendant to pay the total amount of future home modification expenses to the trial court for distribution because the expenses in question have not yet been incurred.

MCL 500.3107 provides in part:

8

(1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:

(a) Allowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation. [Emphasis added.]

MCL 500.3110(4) provides that "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss *is incurred*" (emphasis added).

To "incur" means "[t]o become liable or subject to, [especially] because of one's own actions."[4] A trial court may enter "a declaratory judgment determining that an expense is both necessary and allowable and the amount that will be allowed[, but s]uch a declaration does not oblige a no-fault insurer to pay for an expense until it is actually incurred." *Manley, supra* at 157. At the time of the judgment, plaintiff had not yet taken action to become liable for the costs of the proposed home modifications.

---

[4] *Webster's II New College Dictionary* (2001). An insured could be liable for costs by various means, including paying for costs out of pocket or signing a contract for products or services. Should the insured present a contract for products or services rather than a paid bill, the insurance company may, in order to protect itself, make its check payable to the insured and the contractor.

Because the expenses in question were not yet "incurred," the Court of Appeals erred in ordering defendant to pay the total amount to the trial court.  See *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990).

D

Similarly, we reverse that portion of the no-fault interest awarded on the future home modification expenses. Twelve percent simple interest is payable only on "overdue" personal protection insurance benefits.  MCL 500.3142(3). Generally, "benefits are payable as loss accrues."  MCL 500.3142(1).  MCL 500.3142(2) provides in part that

> benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss *sustained*. [Emphasis added.]

Because plaintiff has not sustained a loss associated with the actual home modifications (other than the architect's fee), the future home modification benefits are not "overdue," and interest is not payable.  Therefore, plaintiff was entitled to interest on the architect's fee only, and the award of no-fault interest on the home modification amount is reversed.

10

E

With regard to attorney fees, MCL 500.3148(1) provides that

> [a]n attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits *which are overdue*. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [Emphasis added.]

Thus, attorney fees are payable only on *overdue* benefits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying. Here, plaintiff was entitled only to those reasonable attorney fees that were attributable to the $815.10 architect's fee. Claims for the modification expenses are not yet "overdue" because they are not yet "incurred."

IV

Therefore, we affirm the portion of the Court of Appeals judgment denying judgment interest on the future home modifications and affirming the award of judgment interest relating to the architect's fee, the no-fault interest on that fee, and the attorney fees award associated with that fee. We also affirm the declaratory portion of the judgment establishing the *amount* of future

11

home modification benefits, but we vacate the portion of the Court of Appeals judgment that orders defendant to immediately pay the future home modifications expenses to the trial court. We also vacate that portion of the judgment affirming the award of no-fault interest and attorney fees on the future home modification expenses. We remand this case to the Washtenaw Circuit Court for further proceedings consistent with this opinion. We do not retain jurisdiction.

> Maura D. Corrigan
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Marilyn Kelly
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman