# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2008

133416

COMMUNITY RESOURCE CONSULTANTS,
INC.,
       Plaintiff-Appellee,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,
       Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133416
COA: 269726
Ingham CC: 04-000879-CK

On December 5, 2007, the Court heard oral argument on the application for leave to appeal the February 1, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. Under the Michigan No-Fault Act, MCL 500.3101 *et seq.*, when defendant made partial payments and refused to pay for specific services in plaintiff's invoices, plaintiff could not insulate those services from the one-year back rule, MCL 500.3145(1), by unilaterally applying defendant's subsequent payments to the remainder of the overdue invoices. Defendant produced evidence that it explicitly allocated payments to specific invoices, leaving specific portions unpaid. Plaintiff failed to meet its burden under MCR 2.116(C)(10) to produce evidence that either refuted defendant's evidence or demonstrated defendant's assent to plaintiff's accounting practice. *Maiden v Rozwood*, 461 Mich 109, 120-21 (1999). Plaintiff's remedy for defendant's refusal to pay was provided by statute. A payment is overdue "if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2). Overdue payments are assessed a penalty of "simple interest at the rate of 12% per annum." *Id*. § 3142(3). Plaintiff was required to file an action for the overdue payments within 1 year of when the losses were incurred. *Id*. § 3145(1). "Incurred" means "'[t]o become liable or subject to, [especially] because of one's own actions.'" *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484 (2003), quoting *Webster's II New College Dictionary* (2001). "Liable" is defined as "legally responsible[.]" *Random House Webster's College Dictionary* (1991). Generally, one becomes liable for the payment of services once those services have been

rendered. "'[P]laintiff became liable for her medical expenses when she accepted medical treatment.'" *Bombalski v Auto Club Ins Ass'n*, 247 Mich App 536, 542 (2001), quoting *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 638 (1996). As this Court explained in *Proudfoot, supra* at 484 n 4, "An insured could [become] liable for costs by various means, including . . . signing a contract for products or services." In this case, the expenses for services were "incurred" when the services were rendered. We REMAND this case to the Ingham Circuit Court for entry of partial summary judgment in favor of defendant, and for further proceedings not inconsistent with this order.

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., dissents and states as follows:

I dissent and would deny leave to appeal because I am not persuaded that the Court of Appeals judgment in this matter should be peremptorily reversed.

KELLY, J., dissents and states as follows:

In peremptorily reversing the judgment of the Court of Appeals, the majority fails to address the trial court's conclusion regarding open accounts. The Court of Appeals noted with approval the trial court's determination that open accounts are commonly used in "many commercial contexts." That fact may constitute usage-of-trade evidence that defendant was on notice of plaintiff's accounting practice.

Additionally, the majority suggests that plaintiff should file a lawsuit whenever full payment is delayed in order to protect its claim to payment. This ignores the practical benefits of having an open account for continuing services.

The majority resolves in a peremptory fashion the legal issue of when losses are incurred for purposes of MCL 500.3145(1). It concludes that losses are incurred at the time medical services are rendered. Because this conclusion has wide-reaching effect, it should not be made in a peremptory fashion. Rather, we should grant leave to appeal to fully consider when losses are incurred in the context of medical services and, more specifically, in the context of continuing medical services.

For these reasons, I dissent from the order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

*Corbin R. Davis*

Clerk

t0304