# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 16, 2008

133466 & (70)(71)
133468

UNITED STATES FIDELITY INSURANCE &
GUARANTY COMPANY,
       Plaintiff-Appellee,

v

MICHIGAN CATASTROPHIC CLAIMS
ASSOCIATION,
       Defendant-Appellant,

and

MICHAEL MIGDAL, Individually and as
Conservator for the Estate of DANIEL MIGDAL,
a Protected Person,
       Defendant.
_____/

HARTFORD INSURANCE COMPANY OF THE
MIDWEST,
       Plaintiff-Appellee,

v

MICHIGAN CATASTROPHIC CLAIMS
ASSOCIATION,
       Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133466
COA: 260604
Oakland CC: 2003-051485-CK

SC: 133468
COA: 271199
Oakland CC: 2006-071933-CK

On order of the Court, the applications for leave to appeal the February 6, 2007 judgment of the Court of Appeals are considered, and they are GRANTED. The parties shall include among the issues to be briefed whether MCL 500.3104(2) obligates the Michigan Catastrophic Claims Association ("MCCA") to reimburse member insurers' reimbursement claims without regard to the reasonableness of the member's payments to PIP claimants. In addressing this issue, the parties shall consider:

(1) Whether factors to consider in determining whether the MCCA is precluded from questioning the reasonableness of the reimbursement claims in these cases include the MCCA's failure to exercise to their full extent, before entry of the consent judgment in No. 133466 and the settlement agreement in No. 133468, its powers under MCL 500.3104(7)(b) and (g) to:

(a) require notice of claims likely to involve the MCCA;

(b) require notice of subsequent developments likely to materially affect the MCCA's interests;

(c) establish claims procedures and practices for MCCA members; and,

(d) if the MCCA considers a member's claims procedures and practices inadequate, to undertake to adjust or assist in adjusting the claim, at the member's expense, so as to ensure that member claims submitted to the MCCA for reimbursement are, in fact, reasonable; and

(2) Whether, like the terms of declaratory judgments pertaining to PIP benefits payable in the future, the terms of consent judgments and settlement agreements pertaining to PIP benefits that embody terms that prove over time to call for reimbursement at a rate higher than the actual cost incurred are subject to:

(a) reduction based on the requirement that an expense must be actually incurred before a no fault insurer is obliged to pay it; and

(b) redetermination from time to time of the amounts properly allowable, based on a change in facts or circumstances after entry of the consent judgment or settlement agreement. Cf. *Manley v DAIIE*, 425 Mich 140, 157 (1986); *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 483-484 (2003).

The motions for leave to file briefs amicus curiae are GRANTED. The Commissioner of Insurance, Michigan Defense Trial Counsel, Inc., and the Michigan Association for Justice are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 16, 2008

_____
Clerk

p0513