# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES VANBIBBER,

Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
November 20, 2018

No. 339753
Oakland Circuit Court
LC No. 2016-151796-NF

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiff was seriously injured while riding his motorcycle and becoming involved in accident with a motor vehicle. His injuries ultimately necessitated a below-the-knee amputation of his left leg. It is undisputed that defendant is the insurer with the highest order of priority for payment of benefits under the no-fault act. The parties have disputed the payment of various claims arising from the accident; at issue in this appeal is the payment for modifications to plaintiff's house to accommodate his injuries. This resulted in the trial court's granting summary disposition in favor of defendant. Plaintiff appeals and we reverse and remand.

Plaintiff engaged the services of an architect to create plans for modifications to plaintiff's home. A licensed contractor provided a cost estimate of approximately $528,000 for the modifications. Defendant received a report from an occupational therapist, who inspected plaintiff's home, that opined that the necessary modifications were significantly less than that proposed in plaintiff's plans.

The trial court granted summary disposition to defendant, concluding that defendant had no obligation to pay for the modifications sought by plaintiff because plaintiff had not yet actually incurred those expenses. The trial court further found that plaintiff was not entitled to declaratory relief and additionally denied plaintiff leave to amend his complaint.

Citing MCL 500.3107(1)(a), MCL 500.3110, and *Hamilton v AAA Michigan*, 248 Mich App 535; 639 NW2d 837 (2001), the trial court concluded the defendant was entitled to summary disposition because plaintiff had not yet incurred any actual expense:

-1-

Here, Plaintiff has failed to meet his burden of establishing a question of fact relative to Plaintiff's claim for unpaid home modification accommodation in the absence of any evidence that Plaintiff has actually incurred any such expenses as required under MCL 500.3107 sub (1) sub (a), and Hamilton supra compelling summary disposition on this issue under MCR 2.116(C)(10).

The trial court further denied plaintiff's claim for declaratory relief:

Next, Defendant argues that Plaintiff has failed to plead his claim for declaratory relief with specificity, and therefore, has failed to substantiate any alleged controversy between the parties. In support, Defendant predominately relies upon Shavers versus Kelley, 402 Mich. 554 at 589, two 1978. "This requirement of an actual controversy prevents a court from deciding hypothetical issues. However, a court is not precluded from reaching issues before actual injuries or losses have occurred. Also, before affirmative declaratory relief can be granted, it is essential that a Plaintiff at a minimum pleads facts entitling him to the judgment he seeks and proves each fact alleged, that is, a Plaintiff must allege and prove a justiciable controversy."

In response, Plaintiff relies upon paragraphs 16, 25, and 30 in his complaint. However, the Court's review of said paragraphs fail to meet the pleading requirements for declaratory as set forth in Shavers supra, compelling dismissal of Plaintiff's request for same pursuant to MCR 2.116 (C) (10). For these reasons, Defendant's motion for partial summary disposition is granted pursuant to MCR 2.116 (C) (10), and the Court shall enter its order accordingly.

Both parties argue that this dispute is controlled by the Supreme Court's decision in *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476; 673 NW2d 739 (2003), though they disagree on how it controls this case. Initially, we note that the parties disagree over whether plaintiff has actually incurred an expense related to the modifications. Plaintiff argues that he has paid for a building permit and has entered into a contract with the contractor, while defendant argues that plaintiff has not actually entered into a binding contract. We need not resolve this aspect of the dispute because *Proudfoot* establishes that, while entering into a contract would satisfy the statutory requirement that the insured actually incur an expense, 469 Mich at 476 n 4, it also establishes that declaratory judgment may also be obtained to establish what future expenses the insurer would be obligated to pay:

A trial court may enter "a declaratory judgment determining that an expense is both necessary and allowable and the amount that will be allowed[, but s]uch a declaration does not oblige a no-fault insurer to pay for an expense until it is actually incurred." [469 Mich at 476, quoting *Manley v Detroit Automobile Inter-Ins Exch*, 425 Mich 140, 157; 388 NW2d 216 (1986).]

The Court further emphasizes this when it states: "We also affirm the declaratory portion of the judgment establishing the *amount* of future home modification benefits, but we vacate the portion of the Court of Appeals judgment that orders defendant to immediately pay the future home modifications expenses to the trial court." 469 Mich at 485-486. In sum, *Proudfoot* stands

for the proposition that the trial court can establish the future obligation, if any and in what amount, of defendant to pay for plaintiff's home modifications; but defendant is not obligated to actually make payment until the expense is actually incurred.

This then raises the issue whether plaintiff has adequately pled a claim for declaratory relief. The trial court found plaintiff's initial complaint to be inadequate. Plaintiff then moved to file an amended complaint which set out the dispute over the modifications in greater detail. The trial court denied the motion without oral argument. The only reason stated in the order is "because the evidence before the Court shows that the amendment would not be justified." The trial court's order does not identify what evidence that is or why it would not justify an amendment to the complaint.

On appeal, defendant acknowledges that plaintiff may file an amended complaint with leave of the trial court if justice requires. MCR 2.118(A)(2). Defendant argues that it was properly denied because of undue delay in moving to amend and prejudice to defendant because discovery had already closed. As for the delay, the motion was filed the day after the trial court denied reconsideration of the grant of summary disposition and approximately 5 weeks after the initial grant of summary disposition. We do not find that to be undue delay.

As for prejudice to defendant because discovery had closed and it was approximately a month before the scheduled trial date, we note that the proposed amendment does not add a new claim, but merely expands the pleading for an existing claim for declaratory relief. Defendant was already on notice that, if the trial court had denied the motion for summary disposition, it would need to defend at trial its decision to deny the proposed modifications. We see no prejudice to defendant to allow plaintiff to elaborate on allegations that the trial court concluded were too scant. On remand, the trial court shall permit the filing of the amended complaint and allow plaintiff to proceed on his claim for declaratory relief.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey