*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXANDER ILICIN, JR.,

       Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY OF AMERICA,

       Defendant-Appellant.

UNPUBLISHED
May 28, 2020

No. 345066
Washtenaw Circuit Court
LC No. 17-001292-AV
         18-000079-AV

Before: RONAYANE KRAUSE, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In this action for no-fault personal protection insurance (PIP) benefits, defendant appeals by leave granted a circuit court order affirming a district court judgment entered after a jury trial. The judgment reflected a jury award of $9,586 in PIP benefits and $2,438 in no-fault interest, and also incorporated the trial court's post-trial award of no-fault attorney fees in the amount of $62,860.04. For the reasons provided below, we affirm in part, reverse in part, and remand.

Plaintiff was involved in a motor-vehicle accident on April 22, 2011. However, the claims before the jury only implicated the recovery of PIP benefits for the period from October 2, 2013, and beyond. The jury found that the accident caused injuries to plaintiff's neck and back, and also caused emotional injuries. But the jury ultimately found that only the emotional injuries still existed during the relevant timeframe after October 2, 2013, and that payments for services related to the emotional injury were overdue. The trial court determined that defendant unreasonably refused payment related to the services for plaintiff's emotional injury and awarded no-fault attorney fees under MCL 500.3148(1). Although the jury rejected plaintiff's claims related to a traumatic brain injury and neck and back pain, the trial court awarded plaintiff no-fault attorney fees in the amount of $62,860.04, which accounted for all of plaintiff's attorney's time on the case. Plaintiff also initially sought PIP benefits for a sleep apnea condition, but then abandoned that claim before trial. The court denied defendant's request for attorney fees under MCL 500.3148(2) related to its defense of that claim.

## I. JUDGMENT NOTWITHSTANDING THE VERDICT

Defendant first argues that the trial court erred when it denied its motion for judgment notwithstanding the verdict (JNOV). Defendant contends that while the jury found that plaintiff had emotional injuries, in order to be compensable, those emotional injuries must have been related to a physical, i.e., bodily, injury that was causally connected to a motor-vehicle accident, and they were not in this case.

This Court reviews a lower court's denial of a motion for JNOV de novo. *Abke v Vandenberg*, 239 Mich App 359, 361; 608 NW2d 73 (2000). "In reviewing a trial court's denial of a motion for JNOV, this Court should examine the testimony and all legitimate inferences therefrom in the light most favorable to the nonmoving party. A trial court should grant a motion for JNOV only when there was insufficient evidence presented to create an issue for the jury." *Detroit/Wayne Co Stadium Auth v Drinkwater, Taylor, & Merrill, Inc*, 267 Mich App 625, 642-643; 705 NW2d 549 (2005) (quotation marks and citations omitted).

Under the no-fault act, "an insurer is liable to pay benefits for accidental *bodily injury* arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1) (emphasis added). This is not to say that only bodily injuries are covered under the no-fault act. As defendant concedes, services for nonbodily injuries are compensable as long as "the claimed benefits are causally connected to [an] accidental bodily injury arising out of an automobile accident." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005).

On appeal, defendant makes no argument that the evidence failed to establish that plaintiff could not recover PIP benefits for his emotional injury as a matter of law. Instead, defendant argues that the jury's award of no-fault benefits is inconsistent with its findings that plaintiff did not suffer a traumatic brain injury and that the bodily injuries plaintiff did sustain were not caused by the April 22, 2011 motor-vehicle accident.

Because defendant's argument is based on an alleged inconsistent verdict—and not an evidentiary deficiency—JNOV is not the proper remedy. Instead, the proper remedy for an inconsistent verdict is to either reinstruct the jury or order a new trial. *Beasley v Washington*, 169 Mich App 650, 658-659; 427 NW2d 177 (1988). Therefore, defendant has not shown that it was entitled to JNOV.

Moreover, we disagree with defendant's view that the jury concluded that plaintiff's bodily injuries did not arise from the April 22, 2011 motor-vehicle accident. At issue are the answers to the first three questions in the verdict form:

> QUESTION NO. 1: Did the Plaintiff sustain an accidental bodily injury?
>
> A)      For injury to the neck?
>
>         Answer:      <u>yes</u>
>
> B)      For injury to the back?

Answer: <u>yes</u>

C) For emotional injury?

Answer: <u>yes</u>

D) For traumatic brain injury?

Answer: <u>no</u>

QUESTION NO. 2: Did the plaintiff's accidental bodily injury arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle on April 22, 2011 during the period of October 2, 2013 to current?

A) For injury to the neck?

Answer: <u>no</u>

B) For injury to the back?

Answer: <u>no</u>

C) For emotional injury?

Answer: <u>yes</u>

D) For traumatic brain injury?

Answer: <u>no</u>

* * *

QUESTION NO. 3: Were allowable expenses incurred by or on behalf of the plaintiff arising out of the accidental bodily injuries referred to in your answer to Question No. 2?

(Allowable expenses consist of all reasonable charges for reasonably necessary products, services, and accommodations for the plaintiff's care, recovery, or rehabilitation.)

A. Answer: <u>yes</u>

B. If your answer is "yes," what is the amount of allowable expenses owed to the plaintiff (include only expenses not already paid by the defendant)?

$ <u>9,586</u>

At the outset, we share the circuit court's concern over how Question No. 2 was worded. It appears to be somewhat nonsensical. It asks, "Did the plaintiff's accidental bodily injury arise

out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle on April 22, 2011 during the period of October 2, 2013 to current?" As the circuit court noted, the ending probably should have said something to the effect, "*and persist* during the period of October 2, 2013 to current." Regardless, given the context of the rest of the verdict form questions, it appears this is how the jury viewed and answered Question No. 2. We are not persuaded by defendant's argument that the answer shows that the jury found that none of plaintiff's bodily injuries arose from the motor-vehicle accident.[1] The inclusion of the phrase "during the period of October 2, 2013 to current" in the question negates such a broad conclusion. The jury was repeatedly instructed that the relevant time period began on October 2, 2013. It is far more likely that the jury viewed Question No. 1 as the threshold question, i.e., determining whether plaintiff had suffered an accidental bodily injury that arose from the April 22, 2011 accident, and viewed Question No. 2 as whether plaintiff still suffered from any of those injuries after October 2, 2013. Thus, because the jury determined in Question No. 1 that plaintiff had suffered an injury to the neck and back as a result of the motor-vehicle accident, we reject defendant's position that the verdict was inconsistent.

## II. PLAINTIFF'S AWARD OF NO-FAULT ATTORNEY FEES

Defendant argues that the trial court erred when it awarded plaintiff no-fault attorney fees. Generally, this Court reviews a trial court's ultimate decision to award attorney fees under the no-fault act for an abuse of discretion. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 442; 814 NW2d 670 (2012). A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Id*. However, the trial court's decision regarding whether an insurer acted reasonably involves a mixed question of law and fact. *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). "What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Id*. (quotation marks and citation omitted). Questions of law are reviewed de novo, while questions of fact are reviewed for clear error. *Id*.

"The no-fault act provides for an award of reasonable attorney fees when an insurer unreasonably withholds benefits." *Bronson Methodist Hosp*, 295 Mich App at 456. MCL 500.3148(1) provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The purpose of this aspect of the act "is to ensure prompt payment to the insured." *Bronson Methodist Hosp*, 295 Mich App at 456 (quotation marks and citation omitted). "When benefits

---

[1] We note that it was not seriously disputed that plaintiff had suffered some physical injuries as a result of the accident. Indeed, defense counsel at the circuit court conceded that plaintiff did suffer "flare-up aggravation of neck and back from the accident." This concession is consistent with how we view the jury's verdict.

initially denied or delayed are later determined to be payable, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Id*. at 457 (quotation marks and citation omitted). "However, a refusal to pay or a delay in payment is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. The determinative factor is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was unreasonable." *Id*. (quotation marks and citations omitted).

On appeal, defendant first claims that there was a legitimate question of law whether a person suffering only "emotional injury" at the time benefits are being claimed can recover PIP benefits when there was no underlying bodily injury that contributed to the emotional injury. But importantly, defendant did not claim that there was a legitimate question of law when it responded to plaintiff's motion for attorney fees. Instead, defendant solely argued that there was a factual uncertainty. Therefore, this particular aspect of defendant's argument is reviewed for plain error affecting substantial rights. *Wolford v Duncan*, 279 Mich App 631, 637; 760 NW2d 253 (2008). We find no plain error. Defendant in this argument does not address the salient topic—whether it relied on a legitimate question of law *when it refused to pay plaintiff's claims*? See *Bronson Methodist Hosp*, 295 Mich App at 457 (stating that "[t]he determinative factor" is whether the insurer's "*initial* refusal to pay was unreasonable") (emphasis added). Defendant does not provide any argument that it initially denied benefits on account of a legitimate question of law.[2] Therefore, defendant has failed to show the existence of any plain error in this respect.

Defendant next contends that there was bona fide factual uncertainty regarding whether PIP benefits were properly owed. Defendant avers that its decision to refuse or delay payment was reasonable because the decision "was supported by the medical opinions of its examining physicians." "[A]n insurer may reasonably rely on the medical opinion of its physicians and the IMEs the physicians perform . . . ." *Tinnin v Farmers Ins Exch*, 287 Mich App 511, 516; 791 NW2d 747 (2010). Indeed, no-fault insurers do not have a duty "to 'go beyond' the medical opinion of their physicians and the IMEs that those physicians perform." *Moore*, 482 Mich at 522. But defendant does not cite to or explain which opinions or which portions of those opinions supported its decision to not pay benefits. A party cannot merely assert a position and leave it to this Court to find a factual basis to support its position. *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 424; 576 NW2d 667 (1998). Accordingly, defendant has abandoned this issue.

Defendant further argues that if attorney fees were warranted, the trial court nonetheless erred by failing to only award the portion of attorney fees that pertained to the claims that were found to have been overdue, i.e., the claims related to plaintiff's emotional injury. We agree.

Defendant argues that our Supreme Court's decision in *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476; 673 NW2d 739 (2003), is controlling. In *Proudfoot*, the plaintiff was struck by a car, and as a result, her leg was amputated above the knee. *Id*. at 478. Because of the need for a wheelchair, significant home improvements had to be made to the plaintiff's home. An

---

[2] Indeed, it seems that defendant may be relying on the verdict rendered by the jury in making this argument. Relying on a jury verdict that occurred years after benefits initially were denied does not speak to the mindset present at the time of that initial denial.

-5-

architect created plans for the home and billed the plaintiff for $815.10. The plaintiff forwarded that bill to the defendant insurer. The estimated cost for the proposed home modifications was approximately $250,000. The defendant found that the plaintiff's request for modifications was unreasonable; the defendant also refused to pay the architect's bill. *Id*.

After a jury trial, the jury found that the plaintiff had incurred allowable expenses in the amount of $815.10 for the architect's bill and that the defendant had received reasonable proof of that expense. *Id*. at 479. The jury further found that future modifications to the plaintiff's home were reasonably necessary and that the plaintiff had supplied reasonable proof of those expenses as well. *Id*. The trial court entered a judgment in favor of the plaintiff, which included amounts for the architectural fee ($815.10) and the future home modifications ($259,087.50). *Id*. The judgment also awarded no-fault interest on those amounts. *Id*. Lastly, the judgment also included no-fault attorney fees in the amount of $69,300. *Id*. at 480.

The Supreme Court reversed any amounts awarded that were based on the future home improvements because those costs had not been incurred yet, i.e., because those improvements had not happened yet, the plaintiff was not liable for the costs. *Id*. at 483-484. Further, no-fault interest was not applicable because, with those future home improvement costs not having been incurred yet, they necessarily were not "overdue." *Id*. at 484-485. With respect to the award of no-fault attorney fees, the Supreme Court stated that such fees were "payable only on overdue benefits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying." *Id*. at 485 (emphasis omitted). Accordingly, the Supreme Court held that the plaintiff was only entitled "to those reasonable attorney fees that were attributable to the $815.10 architect's fee." *Id*.

In *Moore*, 482 Mich at 511, the jury awarded the plaintiff $50,000 in noneconomic damages and $42,755 in unpaid work-loss benefits. But the jury only found that $822.52, or one week of the plaintiff's work-loss benefits, was overdue. *Id*. at 523. As a result, the *Moore* Court held that because the plaintiff in pursuit of no-fault attorney fees never attributed any of the fees to collecting the $822.52 in overdue work-loss benefits, no attorney fees were warranted. *Id*. at 524.

It is clear that no-fault attorney fees are only recoverable (1) with respect to overdue benefits (2) that the insurer has been found to have unreasonably refused to pay or unreasonably delayed in paying. In this case, the *only* overdue benefits were in relation to plaintiff's emotional injury. The other claims initially raised by plaintiff either were withdrawn (claims related to sleep apnea) or rejected by the jury (claims related to traumatic brain injury and neck and back injuries).

The trial court relied on *Tinnin*, 287 Mich App 511, in awarding plaintiff the full amount of his attorney fees, even though the jury did not award plaintiff all the PIP benefits that he sought. In *Tinnin*, the plaintiff sought to recover the costs of four office visits that related to physical medical and rehabilitation treatment, as well as $90,000 in attendant-care services. *Id.* at 513-514. While the jury awarded the plaintiff $1,235 for the four office visits, it awarded no benefits for the attendant-care services. *Id.* at 514. The trial court granted the plaintiff the full amount of her request for $57,690 in attorney fees. *Id.* On appeal, the defendant insurer argued that the trial court erred when it refused to apportion the award of attorney fees such that the plaintiff would only be compensated for the time and effort directly attributable to securing the overdue benefits for the four office visits. *Id*. at 521. This Court disagreed. It stated that *Moore*, which held that

the plaintiff was not entitled to attorney fees for the overdue work-loss benefits because none of the attorney fees were attributable to obtaining the overdue benefits, was distinguishable because the trial court found that all of the plaintiff's counsel's time "was sufficiently related to securing the overdue benefits." *Id.*

Therefore, according to *Proudfoot*, *Moore*, and *Tinnin*, attorney fees are recoverable only for time spent in pursuit of benefits that were deemed overdue by a jury. However, while apportionment is typically proper, such apportionment need not occur when all of an attorney's time was sufficiently related to securing overdue benefits.

In this case, the trial court did not make any finding or determination that all of plaintiff's attorney fees were sufficiently related to obtaining the benefits related to plaintiff's emotional injury. Instead, the court seemed to rely on public-policy reasons to conclude that a plaintiff is entitled to attorney fees for all of his attorney's time, as long as some overdue benefits were unreasonably denied. The court stated:

> The award of full attorney fees is merited by the reality that some if not most, small scale claims are too low for claimants to bring an enforcement action. Taxable costs and full fees would far exceed their claimed benefit amounts and no attorneys would ever take them, despite perceived unreasonable denials. Thus the public policy behind the penalty provided by the Act allows the award of reasonable fees and taxable costs, to force compliance with the Act.

Such a public-policy rationale cannot stand in contravention of what the law provides. See *Robinson v Detroit*, 462 Mich 439, 474; 613 NW2d 307 (2000) (CORRIGAN, J., concurring) ("[A] court exceeds the limit of its constitutional authority when it substitutes its policy choice for that of the Legislature."). Our Supreme Court has made it clear that apportionment is necessary to ensure that only the time spent in pursuit of overdue benefits that had been unreasonably denied is recovered. Therefore, the trial court abused its discretion when it failed to apportion the attorney fees. Accordingly, we remand this case to the trial court for a determination of plaintiff's attorney fees for time spent in pursuit of benefits that were deemed overdue by the jury.

## III. DEFENDANT'S REQUEST FOR NO-FAULT ATTORNEY FEES

Finally, defendant argues that the trial court erred when it denied its own request for no-fault attorney fees under MCL 500.3148(2). We disagree.

A trial court's decision to deny attorney fees under MCL 500.3148(2) normally is reviewed for an abuse of discretion, but any findings regarding the fraudulent, excessive, or unreasonable nature of a claim are reviewed for clear error. *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 627; 550 NW2d 580 (1996). Defendant never raised in the trial court the particular argument it raises here on appeal. Thus, our review of that unpreserved issue is for plain error affecting substantial rights. *Wolford*, 279 Mich App at 637.

MCL 500.3148(2)[3] provides:

> An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation. To the extent that personal or property protection insurance benefits are then due or thereafter come due to the claimant because of loss resulting from the injury on which the claim is based, such a fee may be treated as an offset against such benefits; also, judgment may be entered against the claimant for any amount of a fee awarded against him and not offset in this way or otherwise paid.

Leading up to trial, plaintiff had been seeking PIP benefits for treatment related to sleep apnea. At trial, or in the days immediately preceding trial, plaintiff withdrew his claim for those PIP benefits.

After trial, in its "counter-motion" for attorney fees, defendant argued that plaintiff's claims related to sleep apnea were fraudulent because "not one of Plaintiff's treating physicians offered any testimony to support" the position that the accident caused plaintiff's sleep apnea. The trial court disagreed, observing that "[t]he medical opinions noted that an investigation of the Plaintiff['s] obstructive sleep disorder was in order, but likely just one of many problems causing the disorder." The court further found that "[p]laintiff's decision to raise this claim and continue it until or unless competent medical evidence, made it less certain, was reasonable, and certainly not fraudulent or frivolous."

On appeal, defendant presents a different argument. Defendant now maintains that plaintiff's initial pursuit of the claims was fraudulent because plaintiff knew that his sleep apnea condition had preexisted the motor-vehicle accident. Because defendant presented the argument to the trial court as pertaining to a lack of medical, causation evidence, which the trial court addressed in its opinion and order, defendant cannot now assert that the trial court should have granted its motion for attorney fees on the basis of an argument that was never presented to the court. The trial court had no duty to look for other arguments and evidence to possibly support defendant's position. Cf. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 381; 775 NW2d 618 (2009) (stating that in context of summary disposition proceeding, a trial court has no duty to scour the record for evidence in support of a party's position). Consequently, the trial court did not plainly err when it failed to award defendant attorney fees on

---

[3] This statute has been amended by PA 2019, No. 21, but remains materially the same as it was when this matter was before the trial court.

the basis of a theory that defendant never presented to the court.

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Deborah A. Servitto
/s/ James Robert Redford