*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLEN JONES,

        Plaintiff-Appellant,

UNPUBLISHED
November 2, 2023

v

No. 351889
Court of Claims
LC No. 19-000117-MZ

STATE OF MICHIGAN,

        Defendant-Appellee.

## ON REMAND

Before: SHAPIRO, P.J., and HOOD and GARRETT, JJ.

PER CURIAM.

This no-fault case returns to us on remand from the Supreme Court for further proceedings in conformity with *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66; 993 NW2d 392 (2023) (*Elia Cos II*). Given the Supreme Court's decision in that case, plaintiff may not amend his notice after the one-year deadline of MCL 600.6431(1) to cure the initial failure to include verification. However, we conclude that the Court of Claims erred by using the July 18, 2018 accident as the accrual date for the one-year period in MCL 600.6431(1). As a recent decision from this Court makes clear, a claim for personal protection insurance (PIP) benefits accrues when the expenses are incurred. Accordingly, we reverse and remand to allow for further proceedings regarding when plaintiff's claim accrued.

## I. BACKGROUND

Central to this appeal is MCL 600.6431, which provides in relevant part:

(1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies. [MCL 600.6431(1).]

A claim or notice filed under MCL 600.6431(1) must contain "[a] signature and verification by the claimant before an officer authorized to administer oaths." MCL 600.6431(2)(d).

Our earlier opinion[1] in this case included the following summary of the underlying facts:

> Plaintiff was injured in an automobile accident on July 18, 2018, while a passenger in a vehicle owned and self-insured by defendant, the state of Michigan. Plaintiff sought [PIP] benefits from defendant, but never received a formal denial. On July 17, 2019, plaintiff filed a notice of intent in the Court of Claims to bring a claim against defendant to recover PIP benefits arising from the injuries he sustained in the accident. The notice was signed by plaintiff and his counsel, but it was not verified "before an officer authorized to administer oaths" as required by the Court of Claims Act . . . . About a week later, plaintiff filed a complaint against defendant in the Court of Claims. The complaint was also signed by plaintiff and his counsel but was not notarized.
>
> In lieu of filing an answer, defendant moved for summary disposition for plaintiff's failure to strictly comply with MCL 600.6431 within a year of his claim accruing. In response, plaintiff argued that his claim had not yet accrued because defendant had not formally denied the claim for PIP benefits. He also argued that the time for bringing an action to recover PIP benefits under the no-fault act was tolled because he provided notice to defendant of his injuries within a year of the accident. Plaintiff also requested that he be permitted to file an amended complaint and notice of intent.
>
> The Court of Claims ruled that plaintiff's notice of intent was insufficient because there was no indication that it was signed and verified by plaintiff before an officer authorized to administer oaths. As for plaintiff's request to amend, the court relied on then binding caselaw that the faulty notice of intent was a "nullity" and could not be cured by an amendment. Finally, the court ruled that, because the accident occurred in July 2018, the time for strictly complying with the [Court of Claims Act]'s one-year notice period had lapsed and so dismissal of plaintiff's complaint was required. [*Jones v Michigan*, unpublished per curiam opinion of the Court of Appeals, issued April 1, 2021 (Docket No. 351889) (citations omitted), pp 1-2.]

Plaintiff appealed and we reversed, holding that a plaintiff who fails to verify otherwise timely notice may cure that deficiency by amending the notice at any time during the normal course of the litigation, including after the timing requirement of MCL 600.6431(1) has run. *Jones*, unpub op at 4. We relied on this Court's opinion in *Elia Cos, LLC v Univ of Mich Regents*, 335 Mich App 439; 966 NW2d 755 (2021) (*Elia Cos I*), which "held that[,] although plaintiffs 'must comply with the verification requirements of MCL 600.6431 and MCL 600.6434,' they 'may correct any

---

[1] Judges HOOD and GARRETT have been substituted for Judges BECKERING and SAWYER in light of the latters' respective departures from this Court's bench.

defect in complying with those requirements during the pendency of the proceedings . . . ." *Jones*, unpub op at 3, quoting *Elia Cos I*, 335 Mich App at 459.

Defendant sought leave to appeal from the Supreme Court, which held the application in abeyance pending its decision in *Elia Cos II*, 511 Mich at 66. *Jones v Michigan*, ___ Mich ___; 967 NW2d 236 (2021).

The Supreme Court decided *Elia Cos II* on May 2, 2023, concluding that this Court erred when it excused the plaintiff's failure to timely comply with MCL 600.6431. *Elia Cos II*, 511 Mich at 68. The Court explained that certain caselaw, on which this Court's *Elia Cos I* panel had relied, "pertained to a distinct statute-of-limitations issue and did not purport to detract from . . . jurisprudence requiring complete compliance with MCL 600.6431 to avoid dismissal of claims against the state." *Elia Cos II*, 511 Mich at 69, citing *Progress Mich v Attorney General*, 506 Mich 74; 954 NW2d 475 (2020). The Court reiterated that "adherence to the conditions set forth in MCL 600.6431 is necessary 'to successfully expose the defendant state agencies to liability,' " and that, "when a 'notice [is] either unverified but timely or untimely but verified, . . . it fails to meet the conditions precedent to maintaining a suit against the [state].' " *Elia Cos II*, 511 Mich at 72-73 (alterations in the original), quoting *Fairley v Dep't of Corrections*, 497 Mich 290, 298, 300; 871 NW2d 129 (2015).

Returning to this case, the Supreme Court, in lieu of granting leave, vacated this Court's judgment and remanded the case to this Court "for reconsideration in light of *Elia Cos* [*II*] and, if necessary, for consideration of the issues raised by the plaintiff but not addressed by the court during its initial review of this case." *Jones v Michigan*, ___ Mich ___; 994 NW2d 245 (2023).[2]

## II. DISCUSSION

As noted, in our prior opinion in this case, we relied on *Elia Cos I* to reach the conclusion that plaintiff could amend his notice after the one-year deadline of MCL 600.6431(1) to cure the initial failure to include verification with what was deemed to be his otherwise just-timely notice. Because the Supreme Court reversed this Court in *Elia Cos II* for the precise reasoning we relied on in this case, and also vacated our prior opinion, we must now recognize that, if plaintiff was required to provide notice before July 18, 2019, plaintiff may not cure his failure to provide verification with his July 17, 2019 notice by offering such verification after the due date.

---

[2] We review de novo a trial court's decision to grant summary disposition. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). When reviewing a motion under MCR 2.116(C)(7) (governmental immunity), the parties may introduce evidence to support their claims or defenses, and "[t]he contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

However, although we did not address the applicable accrual date in our prior opinion,[3] plaintiff's brief raised arguments about this issue. As noted, a plaintiff must comply with MCL 600.6431(1) "within 1 year after the claim has accrued . . . ." Plaintiff argues that a claim for PIP benefits accrues when the benefits are denied. Plaintiff did not propose an alternative to July 18, 2018, as the date from which to measure the one-year rule of MCL 600.6431(1), but rather asserted that the notice period had not begun to run because defendant never issued a formal denial of benefits. Defendant, on the other hand, argued that plaintiff's claim for PIP benefits accrued on the date of the accident, and the Court of Claims agreed.

Because plaintiff is seeking PIP benefits, this case implicates the no-fault act, MCL 500.3101 *et seq.*, and its interpretive caselaw. MCL 500.3145 provides in relevant part:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

Perhaps in reliance on MCL 500.3145(1), the Court of Claims attached too much significance to the accident date. MCL 500.3145(1) requires commencement of an action for recovery of PIP benefits, or notice of the attendant injury, within one year of the *accident*, unless the insurer has paid PIP benefits. In contrast, MCL 600.6431(1) conditions maintenance of an action against the state on provision of "a written claim or a written notice of intention to file a claim" within a year after the *claim has accrued*. Defendant's motion for summary disposition was based entirely on the lack of timely verification under MCL 600.6431(1), and included no mention of MCL 500.3145.[4] Accordingly, the only issue before us is when plaintiff's claim accrued under MCL 600.6431(1). Because plaintiff is suing the state not as an entity liable for tort damages, but rather as an self-insured entity liable for PIP benefits, claim accrual must be considered in the context of the no-fault act.

---

[3] We declined to address this issue because, even using the July 18, 2018 accident as the accrual date, plaintiff could maintain his action under our prior decision. See *Jones*, unpub op at 2 n 1.

[4] In our prior opinion, we held that "[p]laintiff provided defendant with notice sufficient to satisfy the no-fault act's requirement that the insurer (here a self-insured) be provided notice of injury within one year of the accident. MCL 500.3145(1)." *Jones*, unpub op at 2. Because the Supreme Court vacated our prior opinion, that ruling is no longer binding on the parties. See *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988).

In *Spine Specialists of Mich, PC v MemberSelect Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358296), lv pending,[5] this Court reiterated that a claim for PIP benefits accrues when expenses are incurred.

> Under the no-fault act, "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred." MCL 500.3110(4). Our Supreme Court has determined that "incur" means "[t]o become liable or subject to, [especially] because of one's own actions." *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484; 673 NW2d 739 (2003) (quotation marks and citation omitted; alterations in the original). This Court has concluded when applying MCL 500.3110(4) that "an expense is incurred or a patient becomes liable when an agreement to pay is executed and treatment is received." *Bronson Health Care Group, Inc v USAA Casualty Ins Co*, 335 Mich App 25, 35-36; 966 NW2d 393 (2020) (emphasis omitted); in accord, *Clark v Al-Amin*, 309 Mich App 387, 397; 872 NW2d 730 (2015). In this case, [the insured's] PIP benefits accrued when each allowable expense was incurred; each expense was incurred when [the insured] received treatment. See *Bronson Health Care Group, Inc*, 335 Mich at 35-36. [*Spine Specialists*, ___ Mich App at ___; slip op at 4.]

In *Spine Specialists*, this Court expressly rejected the plaintiff's argument that a claim for PIP benefits accrues when they are denied. See *id*. at ___; slip op at 4-5.

Given *Spine Specialists*, plaintiff's attempt to tie the accrual date to the denial of PIP benefits is unavailing. At the same time, *Spine Specialists* shows that defendant and the Court of Claims erroneously measured the timing of plaintiff's attempt to provide notice under MCL 600.6431(1) from the date of the accident, instead of inquiring into when plaintiff actually incurred expenses implicating PIP coverage. Unfortunately, the record is devoid of any information on this matter. Plaintiff's notice and subsequent complaint provided a date for only the accident while providing descriptions of injuries suffered and PIP benefits claimed. It is thus not possible to determine from the record before us precisely when plaintiff incurred the specific expenses for which he is claiming PIP benefits for purposes of assessing the timeliness of his notice.

Accordingly, reversal and remand for further proceedings is required. On remand, the Court of Claims shall allow the parties to develop any issues relating to when the specific expenses were incurred. Further, the Court of Claims shall allow plaintiff to file an amended claim or notice, relating back to when he first moved for leave to amend, for the purposes of alleging a specific accrual date.

---

[5] The primary holding of *Spine Specialists*, ___ Mich App ___, was that the 2019 amendments to MCL 500.3145, and specifically the tolling provision found in subsection (3), do not apply retroactively. See *id*. at ___; slip op at 3-5. Thus, to the extent plaintiff argues that MCL 500.3145(3) could apply to toll the one-year period of MCL 600.6431(1), that argument has been foreclosed in this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Noah P. Hood
/s/ Kristina Robinson Garrett